HAROLD M. LEVAN, Respondent, v. AMERICAN SAFETY TABLE CO., INC., and Another, Appellants, Impleaded with J. HENRY MEYERS, Also Known as HARRY MEYERS, Defendant.

First Department, December 23, 1927

Pleadings — answer — action based on fraud to rescind purchase of corporate stock and to recover amount paid therefor — motion under Rules of Civil Practice, rules 104 and 109, to strike out separate defenses — pleadings only can be considered on motion — motion should have been denied as to defense of another action pending and as to defense of election by plaintiff not to rescind — defense and counterclaim of breach of contract of employment was insufficient under Civil Practice Act, § 266 — defense of adequate remedy at law properly stricken out.

The plaintiff seeks in this action to rescind subscription contracts to the capital stock of the defendant corporation and to recover the amount paid thereon and

bases his claim on alleged fraudulent misrepresentations in reference to the stock. The plaintiff moved, under rules 104 and 109 of the Rules of Civil Practice, to strike out four separate defenses as insufficient in law upon the face thereof. The court could not on motion so made have considered any affidavits or documents outside of the pleadings themselves and in reference to the defense of another action pending it was error for the court to consider the pleadings in that action. The defense of another action pending was upon the face of the answer sufficiently pleaded.

Likewise the defense that the plaintiff had elected by the institution of another action to recover upon the contract and thereby waived his right to rescind the contract constituted a good and sufficient defense on the face of the pleadings.

The third defense and counterclaim, however, was properly stricken out since this defense and counterclaim alleged that the plaintiff had breached the contract of employment between himself and the defendant corporation and had misappropriated certain moneys. The counterclaim is insufficient under section 266 of the Civil Practice Act in this action which is based upon fraud and deceit, since there are no allegations that the counterclaim arose out of the transactions set forth in the complaint as the foundation of the plaintiff's claim, or that it is connected with the subject of the action.

The court properly struck out the fourth defense which was that the plaintiff had an adequate remedy at law, for the complaint stated a good cause in equity, and furthermore, a mere allegation that the plaintiff has an adequate remedy at law is not sufficient, for it is necessary to constitute a good defense that the defendant allege ultimate facts, showing the adequacy of the plaintiff's remedy at law.

APPEAL by the defendants, American Safety Table Co., Inc., and another, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 22d day of June, 1927.

*I. Gainsburg* of counsel [*J. W. Friedman* with him on the brief; *William Klein*, attorney], for the appellants.

*Rudolph Marks Rodkinson* of counsel [*Alex B. Greenberg* with him on the brief; *Rudolph Marks Rodkinson*, attorney], for the respondent.

FINCH, J. The question raised by this appeal is whether four defenses, one also denominated a counterclaim, are sufficient upon their face.

Plaintiff brings this action on behalf of himself and four assignors to rescind subscription contracts to the capital stock of the defendant corporation, cancel the certificates of stock and recover the $55,000 paid, on the ground that these subscriptions were obtained by the alleged fraud of the defendants Frankel and Meyers, officers and agents of the corporation. The complaint alleged that in reliance upon certain false representations as to the condition of the corporation, which representations are set forth, the plaintiff purchased from the defendant corporation and paid for, $35,000 worth of common and preferred stock and, in addition, had allotted

First Department, December, 1927.     [Vol. 222

to him but not issued, certain additional shares. Each of the plaintiff's four assignors purchased and paid for $5,000 worth of common and preferred stock. The complaint demands a decree against the defendants that the subscriptions by the plaintiff and his four assignors for the capital stock of the defendant corporation and the contracts of sale and the issue of said stock, be decreed as rescinded, and that the defendant corporation be ordered to cancel· the said certificates of stock and repay the plaintiff herein the sum of $55,000, with interest; that the defendants Louis Frankel and J. Henry Meyers be decreed to pay to the plaintiff the said sum of $55,000, or so much thereof as this plaintiff may be unable to collect from the defendant corporation.

The joint answer of the defendants Louis Frankel and American Safety Table Co., Inc., admits the purchase of $30,000 worth of stock in the defendant corporation and that each of the assignors did purchase $5,000 worth of stock in the defendant corporation, but denies the material allegations of the complaint and, in addition, sets up four separate defenses (the third being also alleged by way of counterclaim), to strike out which this motion has been made.

The first partial defense is alleged on behalf of defendant Louis Frankel and is that there is another action pending between plaintiff and defendant Louis Frankel to recover from said defendant the sum of $30,000 as the alleged purchase price of the stock referred to in the complaint herein.

The second separate defense is alleged on behalf of defendants Louis Frankel and American Safety Table Co., Inc., and is that there is another action pending between plaintiff and defendant Louis Frankel to recover from said defendant the sum of $30,000 as the purchase price of the stock referred to in the complaint, and that the plaintiff seeks by said action to recover upon the contract wherein plaintiff acquired title to $30,000 of the stock referred to in the complaint, and that at the time of the institution of said action the plaintiff had full knowledge of all the acts referred to in the complaint herein, and that in instituting said action the plaintiff has elected to recover upon the contract and such election constitutes a waiver of any right to apply for the rescission sought herein.

For a third separate defense and by way of counterclaim the defendant American Safety Table Co., Inc., alleges that the plaintiff was employed by the defendant American Safety Table Co., Inc., as its treasurer and general manager and that by the terms of said employment the plaintiff was under a duty to perform his services as general manager diligently and faithfully and to keep accurate accounts of the business and give notice of matters relating to the

subject-matter of his agency which are material for the corporation to know in the protection of its interests and in the proper performance of his duties to his said employer; that the plaintiff violated his agreement with the corporation by failing to render his services exclusively to the corporation and by failing to render his services in a competent manner, and that the plaintiff neglected to attend to his duties, with the result that the plaintiff profited by attending to his personal matters to the detriment of the defendant corporation, and that the plaintiff has failed properly to account for a sum of money alleged to have been expended by him for the business of the corporation and that through his failure to attend to his duties, the defendant corporation has lost approximately upwards of $52,000, and that the plaintiff caused records and entries to be made in the books of the company which led the defendant corporation to believe that the company was making a profit when, as a matter of fact, the company was sustaining losses, and that by reason of these wrongful acts of the plaintiff, defendant corporation has been damaged in the sum of $60,000.

As a fourth separate defense the defendants Louis Frankel and American Safety Table Co., Inc., allege upon information and belief that the plaintiff has a full, complete and adequate remedy at law.

To test the sufficiency of these defenses, the plaintiff, at Special Term, gave notice to his adversary that he was proceeding according to the provisions of rules 104 and 109 of the Rules of Civil Practice, which limit the objections made to the face of the defenses and counterclaim. ( *King Motor Sales Corporation* v. *Allen,* 209 App. Div. 281; *Welch* v. *City of Niagara Falls,* 210 id. 170.) Notwithstanding he gave this notice plaintiff submitted, upon the motion, an affidavit which, he says in his brief, " is merely in the form of a memorandum calling the attention of the court to the pleadings and exhibit in the action of *Levan* v. *Frankel,*" and annexed a copy of these pleadings and exhibit in this latter action. The learned court at Special Term, in a painstaking manner, considered the pleadings and exhibit in the other action and reached the conclusion that the first partial defense in this action when examined in the light of the pleadings and exhibit in the other action, was false in fact and, therefore, struck it out as sham. But the defense of another action pending was good upon its face and the defendant had been duly notified by the plaintiff that whether the defenses were good upon their face was the only issue which defendants would have to meet. Hence upon this motion the defense could not be judged in the

8

light of facts extrinsic to the answer. As to the first partial defense, therefore, the motion should have been denied.

The same is true as to the second defense, wherein the defendant seeks to rely upon a binding election by the plaintiff to treat the stock as his own and, therefore, the motion to strike out this separate defense likewise should have been denied.

The third defense and counterclaim was properly stricken out since it is not permissible to counterclaim under the Civil Practice Act (Civ. Prac. Act, § 266) in an action based upon fraud and deceit, unless there are allegations that the counterclaim arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim or is connected with the subject of the action. There is nothing that we may add to the reasons given by the learned court at Special Term for striking out this separate defense and counterclaim.

As to the fourth defense, that the plaintiff has an adequate remedy at law, this was properly stricken out. The plaintiff has stated a good cause of action in equity against all the defendants. (*Mack* v. *Latta*, 178 N. Y. 525.) In the light of said complaint, therefore, this fourth defense is clearly insufficient. A mere allegation of defendant's legal conclusion that plaintiff has an adequate remedy at law, does not constitute a defense unless there is added an allegation of ultimate fact showing adequacy of the remedy at law. In *Holland* v. *Grote* (193 N. Y. 262, 270), Judge HISCOCK, for a unanimous court, said: " The second defense, ' that the plaintiff has an adequate and complete remedy at law,' likewise is insufficient. In the absence of other allegations this answer must be construed and interpreted by reference to the material allegations of the complaint as they stand. It does not allege any additional facts showing that an adequate remedy at law does exist, but simply asserts that on the complaint as framed such remedy does exist. An inspection of the complaint shows that on the material and substantial facts as there alleged the plaintiff must necessarily resort to equity and cannot secure sufficient relief elsewhere; unless he completely changes his cause of action he must seek equitable relief."

In *McKenzie* v. *Wappler Electric Co., Inc.* (215 App. Div. 336), Mr. Justice MARTIN, for a unanimous court said: " As it appears on the face of the complaint that the plaintiff has not an adequate remedy at law, and as the defenses set up no facts to show the contrary, they are insufficient."

It, therefore, follows that the order appealed from should be modified so as to deny the motion in so far as it strikes out the first partial defense and the second separate defense, and, as so

modified, the order should be affirmed, without costs to either party, with leave to the defendants, appellants, to serve an amended answer upon payment of costs of the action to date.

DOWLING, P. J., McAvoy, MARTIN and O'MALLEY, JJ., concur.

Order modified so as to deny the motion in so far as it strikes out the first partial defense and the second separate defense, and, as so modified, affirmed, without costs, with leave to the defendants, appellants, to serve an amended answer within ten days from service of order upon payment of costs of the action to date.