FLORENCE M. SEWALL and Others, Appellants, *v.* EDMOND J. FITZ GIBBON, Respondent.

Third Department, March 29, 1929.

*A. Page Smith* [*Milton B. Knox* of counsel], for the appellants.

*Harold J. O' Keefe* [*Michael D. Reilly* of counsel], for the respondent.

PER CURIAM. The complaint in brief alleges that plaintiffs are the owners of an easement by prescriptive right on lands wherein defendant holds the dominant tenement; and that the defendant is obstructing the use by plaintiffs of the easement and threatening to continue such obstruction. Injunctive relief is asked. The defendant in his answer denies among other things the existence of such easement and any right of plaintiffs to a right of way over his property.

The appeal is from an order denying plaintiffs' motion under rule 109 of the Rules of Civil Practice to strike out a defense in the answer simply stating that the plaintiffs have an adequate remedy at law. Standing alone it is a mere conclusion of law with no facts to support it and might properly be struck out. (*Holland* v. *Grote,* 193 N. Y. 262, 270; *Levan* v. *American Safety Table Co., Inc.,* 222 App. Div. 110, 114.) But in paragraph XV of the complaint it is alleged that plaintiffs have no adequate remedy at law. This is denied in the answer. The allegation in dispute is only an unneces-

sary repetition of the denial in affirmative form. It is mere surplusage, harmless in character, not warranting the dignity of a motion to strike out.

The real difference between the parties concerns the nature of the action and whether the trial must be had before a jury. This is determined not by the insertion of conclusions of law in an answer, but by the facts stated in the complaint and the denials in the answer as fixing the issue. The plaintiffs assert a title to an interest in real property less than the fee; the defendant denies it. This question of fact must be first determined by a jury before the plaintiffs may become entitled to injunctive relief. Originally the procedure was by an action on the case. (*Beach* v. *Child*, 13 Wend. 343; affd., *sub nom. Child* v. *Beach*, 22 id. 558.) It is not an action of ejectment like that of *City of Syracuse* v. *Hogan* (234 N. Y. 457) but the principle is the same. Full relief may be given when the disputed question of title is settled.

The order should be affirmed, with ten dollars costs and disbursements.

VAN KIRK, P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.