## GEORGE L. SQUIRE MFG. CO. v. NATIONAL FIRE INS. CO. OF HARTFORD, CONN.
### No. 1150A.

District Court, W. D. New York.
July 17, 1933.

Rann, Vaughan, Brown & Sturtevant, of Buffalo, N. Y., for plaintiff.

John E. Mack, of Poughkeepsie, N. Y., for defendant.

KNIGHT, District Judge.

This action, originally brought in the Supreme Court in New York state and removed to this court, is to recover $240,346.79 on account of loss by storm occurring on or about September 26 or 27, 1932, covered by a policy of insurance issued by the defendant on October 26, 1931, to the Central "San Miguel" of Luquillo, Puerto Rico.

This is a motion by the plaintiff to strike out the affirmative defense in the answer relating to arbitration, on the ground that it is insufficient in law. The substance of such alleged defense is: That the policy of insurance contained, among other terms and conditions, a clause providing for arbitration of the amount of loss, if disputed, and that an award by the arbitrators was a condition precedent to any right of action or suit upon the policy; that the parties have been unable to agree upon the amount of loss; that each party has selected an arbitrator; and that no appraisal has been made.

Plaintiff is a domestic corporation organized under the laws of the state of New York. Defendant is a foreign corporation organized under the laws of the state of Connecticut, and authorized to do business in the state of New York and in Puerto Rico. At the time when the policy was issued, the Central "San Miguel" was a corporation organized under the laws of Puerto Rico, having its principal office and place of business at Luquillo, Puerto Rico, and the property covered by the policy was situate in Puerto Rico. Plaintiff was then the holder of a trust deed of the property described in the policy, constituting a first mortgage upon the property, and such policy was made payable to the plaintiff as its interest should appear. Thereafter and prior to the loss in question, the plaintiff became the owner of the insured property, and proper indorsement was made upon such policy of insurance making it payable to the plaintiff as owner. The question raised for determination is the situs of the contract of insurance.

Section 175 of the Insurance Law of Puerto Rico, enacted in 1921, No. 66, among oth-

er things provides that "any clause in an insurance contract depriving the insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance, shall be illegal."

The court takes judicial knowledge of the statute and of the fact that Puerto Rico is an insular possession of the United States having power to enact laws not in conflict with the provisions of the act of Congress relating to territories and insular possessions. Garzot v. Rios De Rubio, 209 U. S. 283, 28 S. Ct. 548, 52 L. Ed. 794; USCA, title 48, "Territories and Insular Possessions," chapter 4, sections 731–894. This provision of the Insurance Law of Puerto Rico has been sustained as constitutional by the highest court of that possession. Rodriguez v. U. S. Fire Ins. Co., 34 Porto Rico 370. The arbitration clause is unenforceable under the laws of that possession.

The policy of insurance is designated upon its face as a "Foreign Windstorm Policy." It contains the provision that it is not valid "until countersigned by the duly authorized general agent of the company at San Juan, Porto Rico." It was countersigned by such general agent at San Juan, Puerto Rico, on October 26, 1931.

The complaint alleges that the contract of insurance was entered into in Puerto Rico. In the first paragraph of the answer, not included in the separate affirmative defense aforesaid, defendant denies such allegation. The affirmative defense contains no allegation regarding the place where the contract was made and no denial that the contract was made in Puerto Rico.

In defendant's brief, it is stated that the contract was made in New York through defendant's brokers, that it was delivered in that state, and the premium and certain taxes paid there.

Statements of fact made in the briefs of counsel will not supply the omission of a material allegation in a pleading. On this motion the court can consider only the matters which appear in the pleadings in question. Levan v. American Safety Table Co., 222 App. Div. 110, 225 N. Y. S. 583. Since the separate affirmative answer contains no allegations as to where or how the contract was entered into, it is insufficient to raise an issue on the question of situs.

Since no issue is raised as to the countersigning of the policy of Puerto Rico, as to the residence of the insured and location of the property insured, it seems to me it must be concluded that the contract was made in Puerto Rico. The provision for arbitration has no extraterritorial effect. A state, or in this case, the United States possession known as Puerto Rico, has the right to determine the condition upon which a foreign corporation may do business within its confines. Waters-Pierce Oil Co. v. Texas, 177 U. S. 28, 20 S. Ct. 518, 44 L. Ed. 657. The contract of insurance made in Puerto Rico is subject to its laws.

Since the first paragraph of the answer contains a denial that the contract was entered into in Puerto Rico, any issue raised thereby may be passed upon on the trial of this action. The court can then be called upon to determine whether under such denial evidence can be given to show where the contract was made. Thus the question sought to be raised by the defendant can again be considered.

Motion to strike out the first separate affirmative defense of the answer is therefore granted.