In the Matter of the Estate of BENJAMIN ROSENFELD, Deceased.

Surrogate's Court, New York County, December 9, 1935.

*William Weiss,* for Max S. Rosenfeld, nominee.

*Max Good,* for Alice Strong, nominee.

*Clark & Baldwin,* for Sylvia Rosenberg, objectant.

*Samuel Saltzman,* for Rebecca Rosenfeld, objectant.

DELEHANTY, S. Two parties in interest filed objections to the issuance of letters testamentary to the executors named in the will of deceased. The persons nominated are respectively a son and a daughter of deceased. In respect of both nominees one objector asserts dishonesty in a degree disqualifying the nominees. Both objectors assert that the circumstances of the nominees do not afford adequate security to the persons interested in the estate.

Deceased died September 17, 1934, survived by six children of a first marriage and by a second wife from whom he had separated in his lifetime. The will admitted to probate is dated June 26, 1931. The second marriage of deceased occurred in May, 1930. The separation from his second wife occurred in the fall of 1930.

Considerable testimony was taken respecting the handling of the funds of deceased by the son nominated as executor. In an issue between the estate of deceased or the parties interested in it and the nominated son who handled these funds there may well be found on the facts developed a basis for holding funds so handled by the nominated son of deceased to be an asset of the latter's estate. That issue, however, should be determined at a time and under conditions which permit it to be litigated directly and which will make the adjudication final on the subject of title.

There is a clear line of demarcation between a finding that a nominated executor is dishonest in a degree requiring rejection of letters and a finding that a fiduciary is possessed of unreported assets of the estate with which he is chargeable. Mere indebtedness to an estate does not disqualify. (*Matter of Haag*, 99 Misc. 164; affd., 178 App. Div. 895.) Here a very large part, if not all, of the matters urged in support of the objections occurred prior to the date of the will. The cases are clear that the court may not arbitrarily disregard the selection of the deceased. As was said by the Court of Appeals in *Matter of Leland* (219 N. Y. 387, 393): "The testator still enjoys the right to determine who is most suitable among those legally qualified to settle his affairs and execute his will, and his solemn selection is not lightly to be disregarded. Appointment is not to be refused merely because the testator's selection does not seem suitable to the judge. * * * The courts will not undertake to make a better will nor name a better executor for the testator. They will not add disqualifications to those specified by the statute, nor disregard testator's wishes by too liberal an interpretation of the specific disqualifications." The latest pronouncement on the subject by the Court of Appeals is to be found in *Matter of Flood* (236 N. Y. 408) where the surrogate's decree refusing to issue letters had been affirmed by the Appellate Division. The Court of Appeals there reversed

the Appellate Division and this court and directed that the letters issue. The opinion (p. 411) sharply limits the meaning of the words " improvidence " and " dishonesty " in issues such as this.

Where facts are called to the attention of the surrogate which require speedy examination and determination on the merits, the Surrogate's Court Act furnishes a means of conforming to the direction of the testator respecting his representatives and at the same time preserving all rights of parties interested in the estate. By section 253 of the Surrogate's Court Act the surrogate on his own motion may require an intermediate account at any time. Action under this authority will permit speedy determination of title to the funds which concededly were formerly those of deceased and concededly were handled by one of the nominated executors in large part and by the other in smaller degree. Accordingly the court dismisses the objection based upon the charge of dishonesty but directs that the named executors within thirty days after qualifying as such file their account showing the assets on hand belonging to the estate of deceased. That account will permit challenge by the interested parties of the claim apparently made by one of the nominated executors that the funds which have been the subject of this inquiry are not assets of the estate. If such account, when filed, shall fail to list these funds as assets of the estate, objections to such non-inclusion will formulate an issue for trial. This court can then determine to whom the funds belong and if the adjudication shall be that they belong to the estate there will be available to the persons interested in the estate substantial remedies for their collection which otherwise might not be available to them.

The objections based upon lack of security to the estate by reason of the circumstances of the nominated executors are dismissed.

Submit, on notice, decree accordingly.