ELIZABETH W. FUNNELL, Respondent, v. THE TOWN OF OYSTER BAY and FRANCES SHEAR, Defendants; THE COUNTY OF NASSAU, Appellant.— Order denying motion of defendant The County of Nassau to vacate a notice of examination before trial reversed on the law, without costs, and the motion granted, without costs, on the authority of *Bush Terminal Co.* v. *City of New York* (259 N. Y. 509). Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.

In the Matter of the Probate of the Last Will and Testament of IRA B. CANTOR, Deceased, and the Granting of Letters of Administration Thereunder. LENA CANTOR, Appellant; EMMA CANTOR and ANNIE CANTOR, Respondents.— Decree of the Surrogate's Court of Richmond county modified by striking out the second decretal paragraph and by inserting in place thereof a provision that the appellant, Lena Cantor, otherwise entitled to letters as residuary legatee, is, pursuant to subdivision 5 of section 94 of the Surrogate's Court Act, incompetent to receive letters because of the false suggestion made by her in her petition, and that respondent Emma Cantor, the lawful widow, is entitled to letters. As so modified, the decree, so far as appealed from, is unanimously affirmed, without costs. We are of opinion that the appellant has rendered herself incompetent to receive letters under the provisions of subdivision 5 of section 94 of the Surrogate's Court Act by alleging in her petition that there were no assets in the estate, either real or personal, when in fact there is in litigation a claim involving the right to a mortgage as between the estate and one Pinghera, which mortgage had been pledged by the decedent as collateral security for an indebtedness, and concerning which the pledgee brought an action in the nature of an interpleader. Present — Lazansky, P. J., Hagarty, Davis, Adel and Close, JJ. Settle order on notice.