In the Matter of the Estate of ELIZABETHA FROEHLICH, Deceased.

Surrogate's Court, Kings County, April 30, 1937.

*James E. Finegan*, for the petitioners Joseph J. Froehlich, Katherine L. Roesch, Clara D. Hangarter, as executors, etc.

*Walter Jeffreys Carlin*, special guardian for Joan E. Froehlich, Doris C. Froehlich, Marion C. Froehlich and Elise R. Froehlich, infants, remaindermen in a one-third residuary estate, objectant.

WINGATE, S. This is a motion by executors to strike out objections to the account, interposed by the special guardian for certain contingent infant remaindermen. Such a motion is regulated by rules 109 or 112 of the Rules of Civil Practice, under neither of which may affidavits be submitted in support of the motion (*Levan* v. *American Safety Table Co.*, 222 App. Div. 110, 113, 114; *Merchants Loan & Investment Corp.* v. *Abramson*, 214 id. 252, 253; affd., 242 N. Y. 587), the determination being predicated upon the pleadings alone (*Monica Realty Corp.* v. *Bleecker*, 229 App. Div. 184, 186), which must be liberally construed in favor of the pleading attacked (*Matter of Hearn*, 158 Misc. 370, 372). It follows that the extended "statement" of "facts" of the moving party may not be considered in determining the application.

The special guardian has withdrawn his first objection. Five others remain. The first of these is addressed to the impropriety of the acts of the fiduciaries in prepaying commissions to themselves. Consideration of this will be momentarily postponed.

The next challenges a payment set up in Schedule C-1 of the account to the attorney on July 14, 1936, on the ground that the same schedule lists a previous payment to the same attorney as

"balance due for legal services rendered and to be rendered as attorney for the executors." On the face of the pleadings, the second payment appears to have been an additional satisfaction of an obligation which had previously been completely solved, and as against the present motion this objection is valid.

The next objection complains of the delay of the executors in instituting foreclosure proceedings on a specified mortgage, and the sufferance of tax accumulations on the securing property with a resulting diminution in the assets of the estate. Whereas this action on the part of the fiduciaries may be capable of satisfactory explanation, any loss in the assets of the estate requires an exculpatory demonstration which may not be presumed on the facts as pleaded. This objection accordingly raises a triable issue. The same observations apply to the objection to the retention of alleged improper investments and to the failure to set up the trust in which the objectant's infants possess a potential interest, which are the subject-matter of the final two objections.

This leaves for determination the propriety of the objection to the premature withdrawal of commissions, the consideration of which was hereinbefore reserved. This objection by the special guardian whose infants share only in corpus might be overruled as a matter of law were it an assured fact that commissions would be awarded to the fiduciaries in any event, since in such case the only loss to the estate would be of the use of the money during the period between the time of actual withdrawal and the date of allowance by the surrogate during which the entire income from use belongs beneficially to others than the wards of the objectant. There is, however, no positive assurance that commissions may not be denied, in which event such adverse determination would accrue beneficially to the corpus and consequently to the interests of the remaindermen. Allegations of improper conduct by the fiduciaries have been made which present triable issues. Whereas improbable, it is not impossible that the determination on their hearing may show such egregious neglect or malfeasance as to warrant a complete denial of fiduciary remuneration. In view of the favorable intendment due the pleading attacked, this possibility must control.

It follows that in respect to the five existing objections, the motion for judgment on the pleadings must be denied and the issues brought on for hearing.

Enter order on notice in conformity herewith.