CELIA LIFSHUTZ, Appellant and Respondent, *v.* JOHN C. ADAMS et al., Appellants, and GILBERT W. CHAPMAN et al., Respondents and Appellants, Impleaded with Others.

Argued January 23, 1941; decided March 13, 1941.

*Louis Boehm* and *Bernard D. Fischman* for plaintiff, appellant and respondent.

*Inzer B. Wyatt* for defendants, respondents and appellants.

DESMOND, J.   The action is a stockholder's derivative action, brought on behalf of Community Water Service Company against eighteen of the corporation's past and present directors for an accounting and for damages.   The amended complaint sets forth two causes of action, one in

fraud; the other in negligence, against all the individual defendants. Eight of the individual defendants have challenged, by a motion for judgment on the pleadings, the sufficiency of the facts stated as constituting a first cause of action against them.

The facts said to constitute a first cause of action may be summarized as follows: Community Water Service (hereinafter referred to as " Community ") is a foreign corporation doing business in this State. P. W. Chapman & Co., Inc., whose name has been changed to Wadsworth Securities Corporation (hereinafter referred to as " Chapman Co."), is a domestic corporation. In February, 1931, the defendants Paul W. Chapman, Johnson and Swart were officers and directors of both companies and both companies were dominated by Paul W. Chapman. Chapman used his control over the affairs of Community in furtherance of his own interests and the interests of those defendants who were then directors of Community to the detriment of the corporation and its stockholders, in this manner: Chapman Co. was permitted to retain out of the proceeds of a sale of stock for Community the sum of $587,133.82. In addition, Community loaned Chapman Co. the sum of $647,049.60. Pursuant to a conspiracy to defraud Community of these sums, Chapman and his codirectors caused Community to contract with a subsidiary of Chapman Co. for the purchase of premises worth $2,738,000 (the aggregate amount of the liens on the property) for the sum of $3,985,000. Community delivered to the subsidiary its demand note in the face amount of $1,234,383.42 (the amount of the indebtedness of Chapman Co. to Community) and took title to the premises, subject to the existing liens, in the name of a corporation organized by Community for that purpose. The sole asset of the new corporation was the building so acquired which, as before stated, had no value in excess of the liens thereon. Community received from the new corporation its demand note for $1,234,383.42. Community . received from Chapman Co. the demand note given by Community to the subsidiary

of Chapman Co. in payment of the aforementioned debts of Chapman Co. to Community.

*After* this transaction had been effected defendants-appellants became directors of Community.

The allegations of the first cause of action relied upon as stating a cause of action against defendants-appellants are: That " the defendants and each of them, entered upon, became parties to, and ratified a conspiracy (1) to defraud Community of the sum of $1,234,383.42, due and owing to it from Chapman Company; (2) to conceal from and misrepresent to the stockholders the manner and means by which Community was defrauded of the said $1,234,383.42;" that none of the annual statements submitted to stockholders for the years 1931 to 1937 contained any reference to the transactions, except that the note given by Community's subsidiary was listed among the notes receivable from subsidiaries; that for the purpose of hiding the truth the stockholders were given false information in 1937 to the effect that the depreciation provided for on its subsidiary's building had not been inadequate and that an additional reserve was provided; " that by means of these annual statements and otherwise, the defendants, in furtherance of the conspiracy, fraudulently concealed the transaction from the stockholders;" that from 1931 to 1938 (when the building was sold) Community suffered losses of upward of $25,000 per annum, arising out of the operation of the premises by its subsidiary; " that each of the defendants was aware of the fraud practiced on Community and that the building was being operated at a loss;" and " that despite such fact, they not only failed to rescind or take any steps to rescind the transaction, but ratified the fraud and continued to permit Community to operate said building and to suffer the aforesaid losses."

Plaintiff's theory of the first cause of action is that all the defendants, including defendants-appellants, were parties to the original fraud upon the corporation and may be held liable for the damages which ensued.

Contained within these allegations involving defendants-appellants, is an assumption that the original wrong against the corporation continued so long as it was not made the subject of an action or was not brought to the attention of the stockholders. The fraudulent act was consummated, however, when the worthless property was acquired and the debts of Chapman Co. to Community were paid with Community's own note. Of course, the effects of a fraudulent act are, in a sense, continued by subsequent concealment, but the act itself is not continuous. The subsequent concealment of the transaction was not part of the original fraud, but another and different breach of fiduciary duty, from which no damage is here shown to have been sustained by the corporation. There is no allegation such as is contained in the second cause of action that if defendants-appellants had acted or spoken, the damage to the corporation as a result of the fraud could have been avoided or mitigated.

Even assuming that the subsequent concealment by the directors who perpetrated the fraud was a continuation of their conspiracy to defraud the corporation, the foregoing allegations with respect to the part played by defendants-appellants in such a conspiracy are mere conclusions and are not supported by other allegations of fact. The allegation that all the defendants ratified the conspiracy would not, standing alone, prove anything. " General allegations of wrongdoing based upon undisclosed facts do not state a cause of action." (*Gerdes* v. *Reynolds*, 281 N. Y. 180, 183.) The allegation of ratification found in *Pollitz* v. *Wabash R. R. Co.* (207 N. Y. 113) was supported by other allegations as to time, place and manner. Here, so far as defendants-appellants are concerned, no other allegations support the conclusion that they became parties to the conspiracy. It is not charged that they became directors of Community knowing of the fraud of their predecessors and with an intent to conceal the same. It is merely alleged that as directors they failed to act or to reveal what had come to their attention after they had become directors.

The evidentiary allegations with respect to the incompleteness of the annual statements to stockholders, the misleading nature of the notice in 1937 that insufficient depreciation reserve had been provided for the building, and the policy of continuing to operate the building at a loss are insufficient to constitute the first cause of action which plaintiffs have attempted to allege. The other allegations as to the intent of defendants-appellants are merely general statements, and are not supported by any allegation of fact from which an intent to do a wrongful act may be inferred.

The question certified on the appeal of defendants-appellants should be answered in the negative and the orders of the Appellate Division and of the Special Term should be modified to the extent that the motion to dismiss the first cause of action is granted.

There is before us also an appeal by plaintiff " from so much and such parts of the *order* of the Appellate Division * * * as modified the order of the Supreme Court, * * * and * * * dismissed the second cause of action of plaintiff's complaint as against defendants Phillip L. Ross, Lorenzo Semple, Jr., and Gilbert W. Chapman." The appeal should be dismissed, with costs, on the ground it is taken from the *order* of the Appellate Division and not from a judgment entered thereon, without prejudice, however, to an appeal from such judgment if the time to appeal therefrom has not expired.

Upon defendants-appellants' appeal, the order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the motion to dismiss the first cause of action granted. The question certified should be answered in the negative.

The appeal by the plaintiff should be dismissed on the ground that it does not appear that any judgment has been entered, and no leave to appeal has been granted by the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.