NATIONAL FOUNDRY COMPANY OF NEW YORK, INC., Plaintiff, *v.* RUTH B. NIMAN, Defendant.

RUTH B. NIMAN, Plaintiff, *v.* NATIONAL FOUNDRY COMPANY OF NEW YORK, INC., et al., Defendants.

Supreme Court, Special Term, Kings County, December 2, 1946.

*Kommel & Rogers* for National Foundry Company of New York, Inc., plaintiff, and others, defendants, for the motion.

*David Sklaire* for M. Robert Niman and another, as trustees, defendants, for the motion.

*Simon Sheib* for Jesse Kahn, defendant, for the motion.

*Isidore Halpern* for Samuel Silver, defendant, for the motion.

*Aronson, Klein & Aronson* for Ruth B. Niman, defendant, opposed to the motion.

WALSH, J. Plaintiff National Foundry Company of New York, Inc., and defendants move by three motions to strike

out four defenses and counterclaims of defendant Ruth B. Niman. Ruth B. Niman, the defendant in the first action, and M. Robert Niman, named as a defendant in the counterclaims, are husband and wife. In August, 1944, they entered into a very detailed twenty-one page separation agreement. In January, 1945, a judgment of separation was entered in Nassau County in favor of the wife, Ruth B. Niman. The decree gave custody of the child to the wife and incorporated by reference the provisions of the separation agreement as to visitation. The separation agreement is not otherwise mentioned in the decree. Without any reference to the separation agreement, the decree provided that the husband pay $45 per week for the support of the child and the sum of $90.62 quarterly, the purpose of which is not stated.

In September, 1945, the wife made a motion to increase the weekly payments of $45. The motion was denied.

The husband has been employed by, is an officer and director of, and has or may have a present or future interest in, the National Foundry Company of New York, Inc. In September, 1946, that company commenced the present action to restrain the wife and her agents from writing letters and requesting information by affidavits from its customers. The counterclaims in question are contained in the wife's answer in that action.

The first counterclaim is based upon an alleged implied duty by the husband under the separation agreement which requires him to pay $45 per week and in which he represented that his earnings were $75 per week. The twenty-second paragraph of the answer alleges that the separation decree incorporated the provisions of the separation action. The court does not find that to be the fact.

The twenty-third paragraph of the answer is the basis of the first counterclaim and reads as follows: "Twenty-Third: That the provisions of the said separation agreement imposed upon the defendant M. Robert Niman a duty and obligation to exert his utmost efforts to secure for himself a maximum amount of earnings, income and assets and to make full disclosure thereof to the plaintiff, Ruth B. Niman."

The twenty-ninth paragraph of the answer is the basis of the second counterclaim and reads as follows: "Twenty-Ninth: That the provisions of the said separation agreement constituted a promise by defendant M. Robert Niman to use reasonable efforts to secure for himself a maximum of earnings, income and assets."

Unless a separation agreement expressly increases the obligations of a husband to support his wife and child, the duty of the husband would not be greater than it was before the separation. There is no obligation on a husband "to exert his utmost efforts" or "to make full disclosure" of his earnings, income and assets. Nor does the separation agreement herein constitute a promise by the husband to use reasonable efforts to secure the maximum of earnings. Such conduct on the part of the husband may be commendable within reason but the court can find no such duty in law and the wife has not cited any authorities.

"The support that the law requires the husband to furnish is such as is reasonable, considering his earning ability, means, situation, and condition in life. Depending on the means, ability, social position, and circumstances of the spouses, the husband must furnish his wife with such necessaries as are deemed essential to health and comfort, including suitable clothing and medical attendance, and he is under a duty to pay burial expenses." (41 C. J. S., Husband and Wife, § 15, p. 412. To the same effect see 26 Am. Jur., Husband and Wife, § 338, pp. 935–937.)

"By reason of the marriage relation there is imposed on the husband the duty to support and maintain his wife in conformity with his condition and station in life." (*Garlock* v. *Garlock*, 279 N. Y. 337, 340; see, also, *De Brauwere* v. *De Brauwere*, 203 N. Y. 460, 464.)

The counterclaims are founded on an alleged duty which does not exist in law. The defendant wife relies on *Wood* v. *Duff-Gordon* (222 N. Y. 88). That case involved a business contract for financial profit. It does not involve the duty of a husband to support his wife and child. Even there, however, Judge CARDOZO said at page 92: "His promise to pay the defendant one-half of the profits and revenues resulting from the exclusive agency and to render accounts monthly, was a promise to use reasonable efforts to bring profits and revenues into existence."

Even in that case there was no implication to exert maximum efforts or even reasonable efforts for maximum earnings, income and assets.

The counterclaims are also defective in that they do not comply with section 241 of the Civil Practice Act which requires "a plain and concise statement of the material facts * * *." Each counterclaim contains general allegations of wrongdoing

such as a fraudulent contrivance to " hide, secrete, becloud and obscure and to arbitrarily limit the earnings, income and assets "; that " Ruth B. Niman has been defrauded "; that " the defendants  *  *  *  agreed and conspired to interfere with the contractual rights of the plaintiff "; that " defendants  *  *  *  interfered and inter-meddled in the family affairs and relations of the " wife and husband.

" General allegations of wrongdoing based upon undisclosed facts do not state a cause of action." (*Gerdes* v. *Reynolds*, 281 N. Y. 180, 183–184; see, also *Lifshutz* v. *Adams*, 285 N. Y. 180, 185.)

With reference to the third and fourth counterclaims for alleged interference with contractual rights and intermeddling and impairment of rights under the separation agreement, there is no allegation that the husband has not performed the terms of the separation agreement except the alleged implied promise which the court cannot read into the agreement.

The motions to strike out the four defenses and the counter-claims are granted.  Submit orders.