Christy J. Buscaglia, S.
On September 30, 1952 Pauline Piekarski presented a petition for the probate of the will of her mother. The will left the decedent’s entire estate to her daughter, Julia, and nominated Julia as executrix. It contained no other provisions. Julia is since deceased. Strangely enough, the other children of the decedent, aside from the petitioner, filed objections to the will. Upon the filing of the objections the petitioner made a motion to withdraw her petition for probate, pointing out that the will has no dispositive effect and that the objectants, together with petitioner, will be the recipients in equal shares of whatever estate the decedent left. The motion for. withdrawal of the petition is opposed by the contestants and they ask for a jury trial and have presented a proposed order framing the issues and submitting the case to the Supreme Court for trial.
It is only from the remarks of counsel in open court that we may speculate upon the reasons for this most unusual situation. I gathered that, at some time close to the execution of the will, the decedent made a deed of her property to either the deceased daughter or the present petitioner, or both of them, and that the three contestants seek to have that deed set aside. It is their thought that a possible finding in the probate proceeding that decedent was of unsound mind and incompetent to make a will might be binding in another proceeding on the question of whether she was competent to dispose of her property by deed. This is only surmise on our part, however.
The court may dislike the thought that its offices are to be used for the resolution of issues from which no results will be obtained other than to bind or guide some other tribunal in another proceeding where substantial rights will be affected. However, this is a practical, rather than a legal, consideration. Under section 144 of the Surrogate’s Court Act the Surrogate *191 is required to admit a will to probate when satisfied as to the genuiness of the instrument and the validity of its execution. This is so, even though the provisions of the will may be inoperative for one reason or another. (Matter of Davis, 182 N. Y. 468; Matter of Higgins, 264 N. Y. 226, and many other cases.) We are bound, therefore, to entertain this proceeding.
The other question presented is whether petitioner may withdraw her petition for probate. A person named as an executor in a will has two alternatives. He may assume the burden of its probate himself or he may cast such burden upon those more to be benefited by the probate. It is not easy to decide the duties of the executor under these circumstances, since Ms fiduciary capacity is not established until the instrument is proved. It would be difficult, if not impossible, to find precedent for a problem such as this. It does seem, however, that the matter rests in the discretion of the court. This being so, we will not permit petitioner to withdraw her petition but, on the other hand, we cannot enforce upon her any duty to proceed further with the probate. The contestants have presented an order which asks that the case be submitted to Supreme Court to be tried at a term in 1952. An order may be made submitting the case to the Supreme Court for immediate trial at the present term.