Maximilian Moss, S.
In this probate proceeding the proponents, who are the nominated executors, move to strike out respondent’s answer on the ground that it does not raise any triable issue, and for such other and further relief as may seem just and proper. Respondent’s preliminary ground in opposition is that the notice of motion is not supported by affidavit. None is necessary on a motion addressed to the pleadings (Matter of Froehlich, 162 Misc. 768; Rules Civ. Prac., rules 109, 112).
In the propounded instrument decedent gives the net estate in equal shares to five children, including the two proponents and the respondent, and disinherits two other children for their lack of interest, love and affection. The petition for probate filed almost two years after decedent’s death shows that she died seized of no real or personal property and that there is a pending petition by respondent for letters of administration on the estate of the decedent. Dismissal thereof is prayed for. Respondent’s said petition indicates that its purpose “is to bring a discovery proceeding to discover assets which petitioner has good reason to believe exist.” It also contains the usual allegation that decedent died without leaving a will for which the petitioner therein, the respondent herein, made diligent search and inquiry. However, in his answer to the petition for probate herein respondent states that “ although advised on numerous occasions by petitioner, Julius Hecht, that there was a will, he nevertheless continuously refused to offer the said will for probate.” Instead of applying for letters of administration and alleging the nonexistence of any will respondent’s remedy was to have moved to compel production of the will pursuant to section 137 of the Surrogate’s Court Act. His desire to discover suspected assets of the estate cannot form a basis for application for letters of administration where a will may be produced, but may be satisfied in a discovery proceeding after probate.
Respondent interposes no objection to probate herein. There is no question as to the genuineness of the propounded instrument and the validity of its execution. Respondent’s answer prays only for denial of letters testamentary to the proponents and granting such letters to respondent “ so that he might locate the assets of the estate ” and for an order amending the title of the proceeding to include three “ aliases ” allegedly used by the decedent during her lifetime. The objection to the *605 issuance of letters testamentary to proponents is made on the ground of incompetency by reason of dishonesty (Surrogate’s Ct. Act, § 94, subd. 5). Respondent alleges that he “ has good reason to believe that the said named executors, and more particularly Jules Hecht, intends to, if it has not already been done, defraud the estate and lawful heirs thereof, of all of the assets and the proceeds they are lawfully entitled to receive.” The factual basis for the charge of dishonesty is the allegation in the petition that decedent died leaving no property; whereas, as respondent alleges, decedent owned various assets controlled by proponents which were disposed of by or for her ‘‘ near the end of her lifetime ’’ and never accounted for by proponents although requested to do so. It is further alleged that the will would not have been filed for probate if respondent had not applied for letters of administration. ‘‘ In view of the foregoing, the respondent believes that great suspicion should be attached to the conduct of the petitioners and that they should not be granted letters testamentary.”
“It is no trivial matter to refuse letters testamentary to a person duly nominated in a valid last will and testament. Matter of Latham, 145 App. Div. 849, 854 ” (Matter of Haag, 99 Misc. 164, 167, affd. 178 App. Div. 895). Dishonesty will not be presumed but must rest on sufficient proof (Matter of Kennedy, 149 Misc. 188) and facts must be alleged susceptible of such proof. Matter of Cantor (250 App. Div. 878) heavily relied upon by respondent is clearly distinguishable. The Per Curiam decision in that case held that the appellant had rendered herself incompetent to receive letters by reason of her dishonesty, under subdivision 5 of section 94 of the Surrogate’s Court Act. She had alleged in her petition that there were no assets when in fact there was then in litigation a claim involving the estate’s right to a mortgage which the decedent had,pledged as security for a debt. In the instant proceeding there, is no alleged fact of concealment but merely suspicion of concealment and fraud and a desire to discover assets. Again, such matters are properly within the purview of a discovery proceeding after probate. In addition, as pointed out in Matter of Mecko (70 N. Y. S. 2d 41, 45) which reviews the leading authorities the Cantor case dealt with an administrator, c. t. a. It “ did not involve countermanding a testator’s direction as to a choice of a legal, representative. It would seem that some distinguishment is well warranted between the two classes of legal representatives.”
Denying letters testamentary requires more substantial grounds than denying letters of administration under section 118 *606 of the Surrogate’s Court Act, where the Surrogate’s discretion under certain conditions is assigned a major role. In Matter of Rosenfeld (157 Misc. 686, 687), an issue was present as to whether certain assets handled by the nominated executor, a son of decedent, belonged to the estate or to the son. The court dismissed objections to the issuance of letters to the son, in language applicable to the present situation: “ That issue, however, should be determined at a time and under conditions which permit it to be litigated directly and which will make the adjudication final on the subject of title. There is a clear line Of demarcation between a finding that a nominated executor is dishonest in a degree requiring rejection of letters and a finding that a fiduciary is possessed of unreported assets of the estate with which he is chargeable. ’’
There is no allegation in the answer of concealment of assets of the estate, despite the statement to that effect contained in the affidavit by respondent’s attorney submitted in opposition to this motion. It seems that decedent disposed of certain assets before her death and that United States Series E bonds Were redeemed before or after her death by the co-owners or beneficiaries thereof, leaving in proponents’ opinion no assets to be administered, and that they therefore refrained from offering her will for probate until respondent applied for letters of administration. While the fact that a will may be inoperative does not justify its suppression (Farrell v. Zibro, 268 App. Div. 39; Matter of French, 202 Misc. 735) and when offered must be admitted to probate if it meets the statutory requirements (Matter of Piekarski, 2 Misc 2d 189 and cases cited), the delay in filing the will herein under the circumstances indicated does not constitute dishonesty within the meaning of subdivision 5 of section 94 of the Surrogate’s Court Act.
In view of the foregoing, the motion to strike out respondent’s answer is granted, the propounded instrument is entitled to and will be admitted to probate under section 144 of the Surrogate’s Court Act and the objection to the issuance of letters testamentary to the nominated executors is dismissed. Letters will issue to the latter upon qualifying according to law. Settle order on notice.