Nicholas M. Pette, J.
Plaintiff has brought two separate motions in this action: one against the defendants, Rogers Auto Sales Corp. (hereinafter referred to as “Auto Sales”) and Irving Rogers, who have interposed a joint answer herein, and the other against the defendant, Rogers Investors, Inc. (hereinafter referred to as “Investors”), which has interposed a separate answer herein. All three defendants have denied the material allegations of the complaint, and have interposed several affirmative defenses and counterclaims. The answers are identical, with the exception that the answer of “Investors”, contains an affirmative defense and counterclaim based upon an exaggerated lien, which affirmative defense and counterclaim is not contained in the answer of the defendants “ Auto Sales ” and Irving Rogers.
Plaintiff has brought this action to foreclose a mechanic’s lien for an alleged balance due of $17,829.97 for materials allegedly furnished and work allegedly performed by the plaintiff in the construction of premises for an automobile agency. Judgment is sought against the defendant, Irving Rogers, as guarantor.
Plaintiff moves:
(1) for an order pursuant to rule 103 of the Rules of Civil Practice, striking paragraphs “12”, “13” and “15” of the defendants’ “Auto Sales” and Irving Rogers answer and striking said defendants’ third separate and partial defense and fourth separate and complete defense as sham; and striking defendant “Investors” paragraphs “ 17 ”, “ 18 ” and “ 20 ” of its answer and its fourth separate and partial defense and fifth separate and complete defense as sham; and
*769 (2) for an order (a) dismissing defendants, “Auto Sales” and Irving Rogers first separate and complete defense and first counterclaim; (b) dismissing their second separate and partial defense; (c) dismissing their third separate and partial defense; (d) dismissing their fourth separate and complete defense; (e) dismissing their fifth partial defense and second counterclaim; on the grounds that said separate defenses, counterclaims and each and every one of them do not state facts sufficient to constitute affirmative defenses and/or counterclaims against the plaintiff; and for an order (f) dismissing “Investors ” first separate and complete defense and first counterclaim; (g) dismissing its second separate and complete defense and second counterclaim; (h) dismissing its third separate and partial defense; (i) dismissing its fourth separate and partial defense; (j) dismissing its fifth separate and complete defense; (k) dismissing its sixth partial defense and third counterclaim, on the ground that each and every one of said separate defenses and counterclaims do not state facts sufficient to constitute affirmative defenses and/or counterclaims against the plaintiff,
and for such other and further relief as to the court may seem just and proper in the premises.
Rule 103 of the Rules of Civil Practice provides inter alia:
‘ ‘ A general or specific denial or an affirmative defense contained in a verified or unverified answer or reply may be struck out where such denial or defense is sham. Affidavits may be used to determine whether matter contained in a pleading is sham.”
Subdivision 4 of rule 106 of the Rules of Civil Practice, provides for the dismissal of a complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action.
Rule 109 of the Rules of Civil Practice provides inter alia:
‘ ‘ After the service of an answer, the plaintiff may serve notice of motion to dismiss a counterclaim or strike out a defense consisting of new matter contained therein, where one or more of the following defects appear on the face thereof: * * *
4. That the counterclaim is not one which may be properly interposed in the action.
5. That the counterclaim does not state facts sufficient to constitute a cause of action.
6. That the defense consisting of new matter is insufficient in law ”.
*770 The motion under subdivisions 5 and 6 may be made at any time prior to the trial. The defects must appear upon the face of the pleading and affidavits may not be used in aid of the motion or in aid of the answer. (Matter of Garfunkel, 2 Misc 2d 603; Levan v. American Safety Table Co., 222 App. Div. 110.)
Plaintiff, in the brief submitted in reply to the defendants’ memorandum states that by error the motion to dismiss the defenses and counterclaims referred to in (2) (supra), were stated to be made pursuant to subdivision 4 of rule 106, instead of subdivisions 5 and 6 of rule 109 of the Rules of Civil Practice, and asks the court, in its discretion, to treat said motion as if it were made pursuant to subdivisions 5 and 6 of rule 109.
The court, looking to substance rather than form, is satisfied that the aforesaid error in incorrectly labeling said motion as made pursuant to subdivision 4 of rule 106, instead of the correct rule 109 (subds. 5, 6) of the Civil Practice Act, was a mere irregularity, and in the exercise of discretion and the interests of justice, will deem plaintiff’s motion corrected to read that it is made pursuant to subdivisions 5 and 6 of rule 109 of the Rules of Civil Practice (Civ. Prac. Act, §§ 105, 111), rather than deny the motion without prejudice to a renewal under the proper rule, and thereby avoid a repetition of the matters of substance already contained in said incorrectly labeled motion.
The objection that matter contained in an affirmative defense, or that a general or specific denial in a verified or unverified answer is sham, is properly made under rule 103 of the Rules of Civil Practice.
Sham has been judicially defined as false in fact, good in form (Fleischer v. Terker, 259 N. Y. 60; Purdy v. McGarity, 262 App. Div. 623) and affidavits may be used to demonstrate that the objectionable matter is without factual basis. (Mann v. Luke, 272 App. Div. 19.) Motions under rule 103 of the Rules of Civil Practice rest in the court’s discretion and a counterclaim as well as an affirmative defense may be stricken as sham under this rule. (Gould v. Parker, N. Y. L. J., Nov. 25, 1949, p. 1378, col. 3; Gardella v. Hagopian, 263 App. Div. 816; Esteves v. Swobodzien, 195 Misc. 956.)
The moving party must factually establish the falsity of the allegations sought to be stricken as sham, by the use of documentary evidence or statements of fact based upon the affiant’s own knowledge or information or both. It then becomes incumbent upon the opposing party to meet the burden of factually proving the truth of the allegations sought to be stricken. (Matter of Balsam, 275 App. Div. 687; see, also, Licht v. Westbury Shopping Center, 6 Misc 2d 1003.)
*771 The movant having established the sham character of the matters objected to, renders it necessary for the opposition to come forward with proof showing that the allegations objected to are true and not false. Nothing else will do. Speculation, conjecture, opinion will not suffice. Facts, and only unrebuttable conclusive facts, will suffice.
A thorough analysis of the matter sought to be stricken as sham and a thorough analysis of the reasons why said material should be stricken as sham is contained in plaintiff’s affidavits, and no useful purpose would be served by repeating the same at length. The court is satisfied that plaintiff has conclusively established that the certificate of occupancy was and is a proper certificate meeting the requirements of the contract between the parties. The court is also of the opinion that plaintiff has also conclusively established that it actually incurred a charge of $1.15 per square yard for the grit paving job and that the allegations relating to alleged fictitious charges were and are sham in character. The defendants have completely failed to adduce the required proof to show that the allegations sought to be stricken are true and not sham and have failed to meet the burden imposed upon them to do so.
AS TO THE MOTION TO DISMISS THE DEFENSES AND COUNTERCLAIMS REFERRED TO IN (2) (Supra)
A pleading should contain a plain and concise statement of the material facts upon which the pleader relies. The pleading is rendered defective and subject to dismissal if it fails to plainly and concisely state the material facts. The court will liberally construe the pleading so as to give the pleader every reasonable benefit and every favorable intendment. But, liberality cannot be exercised as a substitute for matters of substance, nor may conclusory statements of law be utilized to supply material facts by inference within the doctrine of liberal construction. (See Kalmanash v. Smith, 291 N. Y. 142; Lifshutz v. Adams, 285 N. Y. 180; Gerdes v. Reynolds, 281 N. Y. 180; Didier v. Macfadden Pub., 299 N. Y. 49.)
Plaintiff correctly contends that in addition to containing a plain and concise statement of the material facts upon which the pleader relies, rather than broad, general conclusions unsupported by a statement of said material facts giving rise to the conclusion, the pleader must also set,forth material facts as to each and every essential item necessary to give rise, in law, to a cause of action or an affirmative defense. If, after assuming all of the facts contained in the pleading to be true, as one must do on a motion to dismiss “ for failure to state facts sufficient *772 to constitute a cause of action or defense; ” “ and if after giving said allegations every fair and reasonable intendment and liberally and broadly construing the same, the pleading nevertheless fails to contain allegations of material facts with respect to each and every item necessary to give rise, in law, to the cause of action or affirmative defense, then the pleading must be ’1 dismissed.
The first affirmative defense and first counterclaim of the defendant “Investors” is based upon an exaggerated lien. Mere conclusions unsupported by material facts upon which to base such claim cannot give rise to a cause of action and must be dismissed for failure to state facts sufficient to constitute a cause of action.
The second affirmative defense and second counterclaim of the defendant “Investors” and the first affirmative defense and first counterclaim of the defendants “Auto Sales” and Irving Rogers, are based upon breach of contract and breach of warranty. Paragraphs “ 11 ” and “ 6 ” of the respective answers contain the only allegations with respect to the alleged incompetent and unskillful work and cheap and shoddy material. Such conclusory allegations unsupported by the material facts upon which they may be based, are insufficient and do not state facts sufficient to constitute a cause of action, and therefore must be dismissed.
The third affirmative defense of the defendant “Investors,” and the second affirmative defense of the defendants “ Auto Sales ” and Irving Rogers are manifestly grounded in fraud. The allegations fail to set forth the material facts upon which the conclusions stated in paragraphs “15” and “16” and “ 10 ” and “ 11 ” of the respective answers are founded. None of the facts necessary to establish the essential elements of a cause of action in fraud are alleged and therefore said defenses are dismissed.
The fourth affirmative defense of “Investors” and third affirmative defense of ‘ ‘ Auto Sales ’ ’ and Irving Rogers purporting to show that the charges made by the plaintiff to the defendants are not bona fide and are fictitious in nature are based upon conclusions without any statement of the material facts upon which such conclusions can be based. General allegations of misconduct mil not do in the absence of the statements of the facts upon which the pleader bases his conclusions; undisclosed facts do not state a cause of action. (See Kalmanash v. Smith, 291 N. Y. 142, 153, supra; Lifshutz v. Adams, 285 N. Y. 180, supra.) These defenses fail to set forth facts sufficient to constitute affirmative defenses and are therefore dismissed.
*773 The fifth defense of the defendant “ Investors ” and fourth defense of the defendants “Auto Sales” and Irving Rogers, are based upon an alleged breach of contract in that plaintiff purportedly failed to deliver a certificate of occupancy in compliance with the terms of the contract. The allegations here are also conclusory statements and fail to contain facts necessary to constitute a defense, and are therefore dismissed.
The sixth affirmative defense and third counterclaim of the defendant “Investors,” and the fifth affirmative defense and second counterclaim of the defendants, “Auto Sales” and Irving Rogers, are grounded in reformation. Said defenses and counterclaims are completely lacldng in allegations of material facts which must be alleged in order to set forth a cause of action for reformation. The necessary elements upon which a cause of action for reformation and the material facts upon which to base the same are wanting. Therefore said affirmative defenses and counterclaims are dismissed for failure to set forth facts sufficent to constitute an affirmative defense and counterclaim for reformation.
Accordingly, plaintiff’s motion to dismiss the items set forth in the paragraph hereof designated (1) upon the ground that the same are sham is granted, with leave to the defendants to serve an amended answer omitting said objectionable matter, within 10 days after the service of a copy of the order to be entered herein, with notice of entry thereof, upon the attorneys for the defendants. The plaintiff’s motion to dismiss the items referred to in paragraph designated (2) (supra) is granted, upon the ground that they do not state facts sufficient to constitute affirmative defenses and counterclaims against the plaintiff.
•Settle order.