■ MARDAN CONSTRUCTION CORPORATION, Respondent, v. ROGERS AUTO SALES CORP. et al., Appellants, et al., Defendant.— In an action to foreclose a mechanic's lien and for a judgment against defendant Irving Rogers, individually, on his personal guarantee, the defendants, other than the defendant Levitt, appeal from an order of the Supreme Court, Queens County, dated April 2, 1959, which granted plaintiff's motions and which: (a) struck out as sham certain allegations and defenses in the answers of said defendants, and (b) dismissed all the defenses and counterclaims in said answers for patent insufficiency, with leave to replead. The single order was entered on two motions made by plaintiff. Order reversed, with $10 costs and disbursements, and motions denied. On this record, we believe it was an improvident exercise of discretion to strike out the attacked allegations and defenses as sham. We also believe that all the attacked defenses and counterclaims are sufficient on their face. Nolan, P. J., Beldock, Ughetta and Kleinfeld, JJ., concur; Brennan, J., not voting. [18 Misc 2d 767.]

■ MAX OFFENBERG et al., Respondents, v. BENSON CHEVROLET, INC., Appellant.— In an action to recover damages for personal injuries, loss of services and medical expenses, arising out of defendant's alleged negligence, the defendant appeals from a judgment of the Supreme Court, Kings County, in favor of the plaintiffs, rendered March 18, 1960, after trial before a Special Referee. Judgment reversed on the law and the facts and a new trial ordered, with costs to defendant to abide the event. In our opinion, the conclusion that the accident was caused by negligence on the part of defendant is contrary to the weight of the credible evidence. Nolan, P. J., Christ and Brennan, JJ., concur; Beldock and Pette, JJ., dissent and vote to affirm.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WESLEY WILFRED GREEN, Appellant.— Appeal by defendant (a) from a judgment of the County Court, Queens County, rendered February 2, 1959, convicting him, after a jury trial, of assault in the second degree, and sentencing him, as a third felony offender, to serve a term of 2½ to 10 years; and (b) from every intermediate order made in the action. Judgment affirmed. In the absence of any evidence relating to self defense, the charge as given by the trial court was more favorable to the defendant than the charge to which he was entitled. In any event, the errors, if any, did not affect the substantial rights of the defendant and, therefore, may be disregarded (Code Crim. Pro., § 542). No separate appeal lies from the intermediate orders which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL HOMCHAK, Appellant.— Defendant appeals from an order of the County Court, Queens County, dated May 18, 1959, denying, after a hearing, his coram nobis application to vacate a judgment of the same court, rendered June 25, 1937, convicting him, on his plea of guilty, of robbery in the second degree, and sentencing him to Elmira Reformatory. Order affirmed. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.