Maximilian Moss, S.
Heretofore, petitioners who are a son and daughter of decedent petitioned the court for an order compelling the nominated executor to produce decedent’s will in court and upon the return date they received a photostatic copy of the will, the original being filed on April 5, 1962, 11 months after death. On June 19, 1962 petitioners filed their petition for probate of said will and for issuance of letters of administration c. t. a. to them instead of granting letters testamentary to Pietro (Peter) Serino whom decedent nominated as executor to serve without bond. This is a motion by said Peter Serino and another son, as respondents, to strike out certain provisions in the petition for probate upon the ground that it appears on the face thereof that such “provisions are insufficient in law to warrant the denial of Letters Testamentary to the executor named in said Will * * * (S. O. A. 316; Rule 109, R. C. P. [6]).” Rule 109 of the Rules of Civil Practice does not appear to be appropriate. However in order to expedite probate of decedent’s will, the matter will be con *184 sidered upon its merits pursuant to rule 112 as one for a-determination on the pleadings, granting the appropriate relief, i.e., admission of the instrument to probate — which both sides request — and issuance of letters to petitioners or to respondent, Peter Serino, the nominated executor, as the facts may warrant.
As both sides seek probate, the real issue is whether respondent Peter Serino, the nominated executor, is disqualified from receiving letters testamentary pursuant to section 94 of the Surrogate’s Court Act. Petitioners urge said respondent’s alleged dishonesty and adversity of interest as reasons for disqualification. The facts and circumstances set forth by petitioners as indicative of respondent’s alleged dishonesty do not spell out the quality or degree of dishonesty contemplated by the statute as justifying the countermanding of decedent’s nomination of the executor. On the basis of the facts set forth in the papers, there has not been established a reasonable apprehension that the funds of the estate would not be safe in the hands of the nominated executor (see decision of this court in Matter of Garfunkel, 2 Misc 2d 603 and cases there cited). Consequently the court finds that respondent, Peter Serino, is not disqualified from receiving letters testamentary.
The motion is granted to the extent that the propounded instrument will be admitted to probate upon proof of due execution. Thereupon, letters testamentary will issue to respondent Pietro also known as Peter Serino upon qualifying according to law. After qualification as executor, the latter will be required to file an account pursuant to section 253 of the Surrogate’s Court Act within 30 days after qualifying to permit speedy determination of title to the disputed property (Matter of Rosenfeld, 157 Misc. 686; Matter of Gehenna, 5 Misc 2d 290, affd. 8 A D 2d 823; Matter of Mecko, 70 N. Y. S. 2d 41).