■ JOYCE MONTGOMERY et al., Respondents, v WILLIAM COLORADO et al., Appellants, et al., Defendant.

This is an action for personal injuries allegedly sustained as a result of an automobile accident. The parties were ordered to appear for examination before trial but appellants failed to do so and gave no excuse for their nonappearance. Plaintiffs' subsequent motion for default was withdrawn upon representations by the appellants that the witnesses would be produced. Upon being informed that the witnesses would not be produced, plaintiffs again moved for default resulting in a conditional order granted on consent. When the witnesses did not appear, plaintiffs moved pursuant to the conditional order of dismissal for judgment and for an assessment of damages, which motion was granted.

While plaintiffs concede that the motion was erroneously mislabeled as brought pursuant to CPLR 3215 rather than CPLR 3126, the court could properly disregard such mistake as harmless error as appellants never raised the issue in opposition and, in fact, responded appropriately to the substantive relief sought (see, Mardan Constr. Corp. v Rogers Auto Sales Corp., 18 Misc 2d 767, revd on other grounds 12 AD2d

770). While it is an abuse of discretion to strike an answer upon evidence of a good-faith effort to produce a party for deposition *(see, Heyward v Benyarko,* 82 AD2d 751), a casual, superficial and one-time attempt by an investigator to locate the party fails to meet the required showing of good-faith efforts and counsel may not "permit an indifferent client to slip into obscurity and thereafter contend that the client's failure to appear pursuant to court orders cannot be met with the appropriate sanction" *(Moriates v Powertest Petroleum Co.,* 114 AD2d 888, 889-890). The court did not abuse its discretion in striking the answer herein *(Reitte v Entermy Cab Corp.,* 162 AD2d 259). Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.