■ CHARISE SHORTER et al., Respondents, v LUXURY AUTO RENTALS, INC., et al., Appellants, et al., Defendants. [651 NYS2d 465] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered March 7, 1996, which denied defendants' mo-

tion to modify the October 17, 1995 order of the same court and Justice precluding defendants from calling witnesses on the issue of liability at trial, unanimously reversed, on the law and the facts, without costs, the order vacated and defendants' motion granted to the extent of permitting them to call as witnesses on the issue of liability those who have previously been deposed.

In this personal injury action, the parties dispute the identity of the driver at the time a rental car struck and injured plaintiff Charise Shorter. Plaintiffs maintain that one of the authorized drivers on the rental agreement was driving at the time, while it is defendants' position that the car had been stolen. At issue on this appeal is whether the motion court's decision precluding the insurance carrier (the real party in interest) from producing witnesses on the issue of liability should be modified in light of developments on the eve of trial.

Despite repeated efforts, the insurance carrier, Liberty Mutual, was unable to locate a principal of the now defunct corporations in order to produce him for depositions. Because of this failure, plaintiffs moved to strike defendants' answer. By its October 17, 1995 order, the motion court denied this relief, observing that such a drastic sanction was reserved for conduct that is in bad faith (*Malpica v City of New York*, 161 AD2d 498, *lv dismissed* 76 NY2d 888); or is clearly "deliberate or contumacious" (*Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374; *Furniture Fantasy v Cerrone*, 154 AD2d 506, 507); or where efforts to produce an individual for deposition are merely superficial (*Montgomery v Colorado*, 179 AD2d 401) or undisclosed (*Hutson v Allante Carting Corp.*, 228 AD2d 303). The court correctly concluded that the carrier's conduct met none of these criteria and instead found that the circumstances justified precluding the carrier from producing any witnesses on its behalf on the issue of liability.

The court expressly envisioned, however, that defendants could nonetheless address the issue by cross-examining plaintiffs' witnesses. It should be noted that, according to the record, the individual who was not produced had in fact been interviewed earlier by plaintiffs themselves and, owing to his personal animosity toward Liberty Mutual, would likely have been uncooperative in its efforts to locate and produce him; that, in any event, no principal could have shed light on the identity of the driver at the time of the accident; and that since the parties finally had stipulated to the ownership of the vehicle, plaintiffs were not prejudiced by the fact that such deposition(s) never took place. In explaining its decision, the

court stated that the sanction imposed would still permit the matter to be resolved on the merits, the preferable outcome in any litigation.

On the eve of jury selection, plaintiffs abruptly dropped their cause of action against the lessee of the rented vehicle, Molly Gillam, through whom defendants had expected to establish that the car had been stolen at the time of the accident. Upon this discontinuance, defendants moved to modify the October 17, 1995 order to the extent of permitting them to call those witnesses who had been deposed on the issue of liability. In the alternative, they sought a framed issue hearing regarding the theft of the vehicle and the identity of the driver. Both requests were denied.

It is clear from the court's October 17, 1995 decision that, in imposing the sanction of preclusion, the court believed that the issue of liability would nonetheless be viable through cross-examination of plaintiffs' witnesses. Plaintiffs' decision to drop the action against Gillam effectively deprived defendants of this ability. Thus, the court's original ruling now had the very effect—striking defendants' answer—that it had explicitly said was not warranted under the circumstances of defendants' conduct. While nothing had changed in terms of defendants' own behavior, plaintiffs' discontinuance of the action against Gillam significantly changed the circumstances of the case, notwithstanding plaintiffs' protestations to the contrary. Indeed, this tactic effectively transformed the nature and, in our view, the intent, of the October sanction. Accordingly, the March 7, 1996 order denying modification of the October 17, 1995 order should be vacated, and defendants should be permitted to call witnesses, but only those who have already been deposed, on the issue of liability. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.