■ In the Matter of HUNTER MECHANICAL CORP., Respondent, v MORTON SALKIND et al., Appellants. [654 NYS2d 381] —Or-

der and judgment (one paper), Supreme Court, New York County (Lorraine S. Miller, J.), entered May 30, 1996, which granted petitioner's motion to strike the answer of respondent Morton Salkind, declared respondents' transfers of certain properties fraudulent, awarded petitioner judgment in the amount of $292,717.46, and denied respondents' cross motion for discovery, unanimously reversed, on the law, without costs, the motion denied, and the declaration and judgment vacated. Respondent Morton Salkind is directed to appear for an examination before trial ("EBT") within sixty days of the order of this Court, respondents' cross motion for an order to depose a knowledgeable representative of petitioner and for a discovery schedule, granted, and the matter is remitted for further proceedings consistent with the decision herein.

It was error to strike the answer of respondent Salkind when he failed to appear for his deposition the first time it was scheduled. It appears that Salkind's attorney had a conflicting engagement in Federal court in Philadelphia the same day and so informed his adversary, requesting that the deposition be rescheduled and offering to make Salkind available for this purpose on another date of petitioner's choosing within the next 30 days. Petitioner's counsel proposed no alternative date and, when Salkind did not appear, moved to strike Salkind's answer. The IAS Court granted the motion to strike despite counsel's explanation of a conflicting engagement, concluding that the failure to appear was but another instance of "deliberately evasive conduct" on Salkind's part, and noting in its written decision that the clerk of the Federal court had no record of counsel's appearance on the specified date. In seeking renewal and reconsideration, counsel presented various affidavits attesting to the scheduled Philadelphia appearance and its subsequent cancellation on the eve of the court date due to the sudden illness of his client in that proceeding. Notwithstanding this documentation, the IAS Court denied the motion.

Striking the answer of a party is an "extreme and drastic penalty," warranted where the conduct is "clearly deliberate or contumacious" (*Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374; *Shorter v Luxury Auto Rentals*, 234 AD2d 158). Salkind's failure to appear was hardly willful or contumacious under these facts. Even where there is protracted delay and evasion, striking an answer for failure to appear for an EBT has been held to be too drastic a remedy (*Davis v City of New York*, 205 AD2d 442), and it hardly was warranted in these circumstances where the party failed to appear the first time the

EBT was scheduled. At the very least, upon counsel's submission of documentation, the order should have been vacated and the parties permitted to resolve the matter on the merits (*see, Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580). Indeed, it was not even Salkind's own conduct that caused his nonappearance, but that of his attorney, who had duly informed his adversary of the reason (*see, Tillman v Mason*, 193 AD2d 666).

In addition, the IAS Court should have granted respondents' cross motion requesting an order to depose a representative of petitioner knowledgeable about the facts alleged in its complaint and an order for a disclosure schedule. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.