■ THOMAS F. HEALY et al., Respondents, v ARP CABLE, INC., Formerly Known as GROUP W CABLE, INC., Formerly Known as TELEPROMPTER CORPORATION, Respondent, and UNIVERSITY

CLEANING SERVICE, INC., Appellant. ARP CABLE, INC., Third-Party Plaintiff-Respondent, v UNIVERSITY CLEANING SERVICE, INC., Third-Party Defendant-Appellant. ARP CABLE, INC., Second Third-Party Plaintiff-Respondent, v UNIVERSITY CLEANING SERVICE, INC., Second Third-Party Defendant-Appellant, and UNIVERSITY CLEANING SERVICE, Second Third-Party Defendant-Respondent. UNIVERSITY CLEANING SERVICE, INC., Third Third-Party Plaintiff-Appellant, v PARAGON CABLE MANHATTAN, Also Known as PARAGON CABLE COMPANY, Third Third-Party Defendant-Respondent. [753 NYS2d 38] —Order, Supreme Court, New York County (Edward Lehner J.), entered on or about August 17, 2001, which precluded defendant-appellant from offering proof at trial, unanimously modified, on the law, the facts and in the exercise of discretion, so as to preclude defendant-appellant University Cleaning Service, Inc. from offering its own witnesses to testify at trial, and as so modified, affirmed, without costs. Order, same court and Justice, entered March 20, 2002, which granted summary judgment in favor of defendant and third-party plaintiff ARP Cable Inc., third third-party defendant Paragon Cable Manhattan and second third-party defendant University Cleaning Service (University/Weiss), and denied summary judgment to University Cleaning Service, Inc. (University Inc.), unanimously affirmed, without costs.

Plaintiff Thomas F. Healy slipped and fell while descending a stairway at the offices of his employer, Paragon Cable Manhattan, located at 5120 Broadway in Manhattan, allegedly causing him to sustain permanent traumatic brain injury, on March 22, 1993, at about 7:45 A.M. Healy commenced this action in July 1994 against ARP, the record owner of the building. Subsequently, third-party claims, cross claims and counterclaims were brought which included as parties University Inc. (the contractor under contract to perform nightly cleaning services at the premises at the time of plaintiff's accident), Paragon Cable Manhattan (the company operating its business at the premises), and University/Weiss (the entity to which University Inc. sold the subject cleaning contract when it went out of business).

Despite preliminary conference orders, University Inc. never provided a witness for deposition. Ultimately, upon applications by various defendants to strike the claims and cross claims of University Inc., the motion court entered an order precluding University Inc. "from offering proof, testimony or evidence upon the plenary trial with respect to its 3rd 3rd party complaint and all pending cross claims and counter-

claims" unless a knowledgeable witness appeared for a deposition on September 10, 2001.

An order of preclusion against University Inc. was proper, in view of its failure to provide for deposition a witness with knowledge as to the critical issue of its cleaning procedures. The fact that University Inc. is out of business does not insulate it from CPLR 3126 sanctions (see *Shorter v Luxury Auto Rentals*, 234 AD2d 158), and a sanction is clearly in order because University Inc. neither complied with the discovery orders nor showed that it had timely undertaken to locate a witness initially. However, the sanction was excessive to the extent it prevented University Inc. from offering any kind of evidence besides testimony.

The motion court also properly dismissed the complaint and cross claims against ARP, the out-of-possession property owner, in the absence of any proof that it had actual or constructive notice of the condition that allegedly caused plaintiff's fall, or any proof that it created or had notice of the condition (see *Gordon v American Museum of Natural History*, 67 NY2d 836). Similarly, the third-party complaint against Paragon was properly dismissed on the ground that the independent contractor, University Inc., had been responsible to perform the cleaning on the night of the accident (see *Spitzer v Kings Plaza Shopping Ctr.*, 275 AD2d 450). Further, all claims against University/Weiss, the successor of University Inc., were properly dismissed, as there is no basis for a claim that it had any responsibility for the subject building on the night of the accident.

However, summary judgment was properly denied to University Inc. University Inc. correctly points out that there is no direct evidence that it caused or created the condition. No witness observed its employees actually mopping the stairs shortly before Healy's fall. Nevertheless, a plaintiff may prove the claim that a defendant is responsible for the condition that caused him to slip without direct evidence. Such claims may be substantiated with circumstantial evidence sufficient to create an issue of fact as to whether the defendant created the condition. "[I]t is enough that [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744, quoting *Ingersoll v Liberty Bank*, 278 NY 1, 7).

Here, there is sufficient circumstantial evidence. First of all, University Inc. was the entity responsible to perform general cleaning during the period in which the accident took place. Its

contract required it to provide general cleaning "nightly," including that it "Check stairways for fine matter and remove on sight, sweep and mop when necessary; mop landings nightly." Moreover, twice monthly, every other Sunday, University Inc. was to "[c]lean rubber staircase treads" and "[w]ash and wax or spray buff staircase landings." The accident occurred on a Monday morning before 8:00 A.M. The terms of the contract alone create the possibility that shortly before Healy slipped on the stairs, an employee of University Inc. had mopped, washed or waxed those stairs.

Moreover, Healy's coworkers, Peter Samperi and Robert Thomas, stated that when they saw Healy lying injured on the stairs, they observed that the stairway looked wet, as if someone had just finished mopping, although there were no warning signs set out as there normally were.

The fact that Healy had been able to ascend the staircase some 20 minutes prior to the accident without noticing whether it was wet and without slipping does not conclusively disprove his claims that the stairs had been mopped or waxed either prior to the time he went up, or that they were mopped just prior to the time he came back down.

In any event, inasmuch as University Inc. is being precluded from offering witnesses to testify on its own behalf due to its failure to provide a witness for deposition, it must be similarly precluded from using plaintiff's lack of evidence to its own advantage. Indeed, to grant it summary judgment would in effect permit a defendant to prevail by preventing the plaintiff from obtaining needed evidence and information. Concur— Tom, J.P., Andrias, Saxe, Buckley and Lerner, JJ.