■ DANNY VELEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [936 NYS2d 28]—

Defendant failed to establish its entitlement to judgment as a matter of law as there are questions regarding whether defendant created the condition upon which plaintiff slipped. Although there was no direct evidence that defendant's custodian mopped the stairs shortly before the accident and the custodian did not recall whether he mopped the stairs on the day of the accident, plaintiff and his uncle testified that the wet substance in the area where plaintiff slipped appeared to be a cleaning agent, and the custodian was the person solely responsible for mopping the stairs (*see Healy v ARP Cable*, 299 AD2d 152, 154-155 [2002]). Plaintiff's uncle also testified that he saw a blue pail containing, inter alia, mops and cleaning supplies near the subject staircase (*see id.*).

The motion court did not commit reversible error by excluding physical evidence of the cleaning agent allegedly used by de-

fendant to mop the stairs. Such evidence would not have established defendant's entitlement to judgment as a matter of law even if it had supported the custodian's testimony as to its fragrance. That testimony did not contradict the testimony by plaintiff's witnesses regarding the smell of the cleaning agent, and the statement in the custodian's affidavit to the contrary appears to be tailored to avoid the consequences of his deposition testimony (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]).

We have considered defendant's other arguments and find them unavailing. Concur—Gonzalez, P.J., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 31558(U).]**