■ ·ANNA DiVETRI, Respondent, v ABM JANITORIAL SERVICE, INC., Appellants. [990 NYS2d 496]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 9, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

After tracking in water used by defendants to clean the sidewalk adjacent to their office building, plaintiff slipped on the marble lobby floor, injuring herself. On appeal, defendants 575 Lexington Avenue Acquisition, LLC, the owner of the building; Silverstein Properties, Inc., the owner's managing agent; and ABM Janitorial Service, Inc., the outside contractor providing cleaning services to the building, argue that they are entitled to dismissal of the complaint. Since there are genuine issues of fact about whether defendants created a dangerous condition, the motion court properly denied summary judgment. Further, because ABM's employee was the individual actually hosing the sidewalk, thereby creating the watery condition that was tracked by plaintiff into the building lobby, ABM owed her a duty of care, notwithstanding that plaintiff was not a party to ABM's janitorial contract (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

At 7:30 a.m., on the day of the accident plaintiff was walking

to work, when she noticed a porter, employed by ABM, using a hose to clean the sidewalk near the building entrance. The worker spent about 30 to 45 minutes completing the cleaning and acknowledged that it was a heavily trafficked time because people were arriving for work. As plaintiff entered the building through the revolving doors, she noticed that her toes were wet (she was wearing open-toe shoes), but thought nothing of it. She proceeded through the lobby towards the elevator and managed to take several steps before she slipped and fell on the marble lobby floor. According to the ABM worker who actually hosed down the sidewalk that morning, although there were mats used at the building when it was raining outside, no mats were in place on the lobby floor while he was cleaning the sidewalk that morning. Plaintiff also testified that she did not see any mats in the lobby when she fell. Although the building property manager factually disputes the evidence that no mats were placed in the lobby at the time of the accident, he also testified that ABM's normal procedure was to place runners in the lobby when the sidewalk outside was being cleaned. Plaintiff contends, and circumstantial evidence supports the conclusion, that she slipped and fell on water she tracked into the lobby from the wet sidewalk on what was an otherwise dry and sunny day. The circumstantial evidence provides a nonspeculative basis for plaintiff's version of the accident (*see Healy v ARP Cable*, 299 AD2d 152, 154-155 [1st Dept 2002]).

In this case a jury could reasonably conclude that the defendants created a dangerous condition in the course of cleaning the sidewalk by hosing down the perimeter of the building without taking precautions to keep water from being tracked onto the marble lobby floor. Slippery conditions created by defendants in the course of cleaning a premises can give rise to liability (*see Velez v New York City Hous. Auth.*, 91 AD3d 422 [1st Dept 2012]; *Brown v Simone Dev. Co., L.L.C.*, 83 AD3d 544 [1st Dept 2011]; *Healy*, 299 AD2d at 154-155). Tracked-in water that creates a slippery floor can be a dangerous condition (*Santiago v JP Morgan Chase & Co.*, 96 AD3d 642 [1st Dept 2012]). While reasonable care does not require an owner to completely cover a lobby floor with mats to prevent injury from tracked-in water (*see Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 465 [1st Dept 2009]), it may require the placement of at least some mats (*Santiago v JP Morgan Chase & Co.*). Since there is evidence supporting a conclusion that there were no mats on the floor near the entrance, there is an issue for the jury concerning whether the defendants exercised reasonable care, including whether they took reasonable precautions against foreseeable risks of an accident while cleaning the sidewalk during a busy work morning.

Defendants' contention that the water on the sidewalk was open and obvious does not warrant summary judgment dismssing the complaint. An open and obvious condition relieves the owner of a duty to warn about the danger, but not of the duty to maintain the premises in a reasonably safe condition (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71 [1st Dept 2004]). Plaintiff makes no arguments on appeal that liability is based upon defendants violating any duty to warn, only that they created an unsafe condition.

ABM has no separate basis for the dismissal of the complaint. While an outside contractor like ABM generally does not owe a noncontracting party a duty of care, an exception applies when a contractor fails to exercise reasonable care in the performance of its duties, thereby launching a force or instrument of harm that causes injuries (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140). There are triable issues of fact whether ABM, whose employee was responsible for cleaning the sidewalk that morning, launched a force of harm causing plaintiff's injuries (*Brown v Simone Dev. Co.*, 83 AD3d at 545). Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.