■ Florence Levine, Respondent, v G.F. Holding, Inc., et al., Respondents, and Pristine Medical Cleaning, Inc., Appellant. [32 NYS3d 588]—

In an action to recover damages for personal injuries, the defendant Pristine Medical Cleaning, Inc., appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), dated March 5, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted the cross motion of the defendants G.F. Holding, Inc., RVC Associates, L.P., and Rhodes Building Management, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendants G.F. Holding, Inc., RVC Associates, L.P., and Rhodes Building Management, Inc., which was for summary judgment dismissing the complaint insofar as asserted against each of them is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs.

On June 6, 2011, at approximately 8:45 p.m., the plaintiff allegedly slipped and fell on a wet floor as she stepped out of the elevator in the lobby of a medical office building. The plaintiff commenced this action against the former and current owners of the building, the defendants G.F. Holding, Inc., and RVC Associates, L.P., respectively, and the building's management company, the defendant Rhodes Building Management, Inc. (hereinafter collectively the RVC defendants), as well as the contractor hired to clean the common areas of the building, the defendant Pristine Medical Cleaning, Inc. (hereinafter Pristine).

Following the completion of discovery, Pristine moved for summary judgment dismissing the complaint and cross claims insofar as asserted against it, and the RVC defendants cross-moved for summary judgment dismissing the complaint and cross claims insofar as asserted against each of them. The Supreme Court denied Pristine's motion and granted the RVC defendants' cross motion.

A cleaning contractor that fails to exercise reasonable care in the performance of its duties, thereby creating an unsafe condition, owes a duty of care to persons who may foreseeably be injured, notwithstanding that such persons are not parties to the cleaning services contract (*see DiVetri v ABM Janitorial Serv., Inc.*, 119 AD3d 486, 487 [2014]; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 928 [2009]). Here, Pristine failed to establish, prima facie, that its employee did not create the alleged unsafe condition upon which the plaintiff slipped (*see Velez v New York City Hous. Auth.*, 91 AD3d 422 [2012]; *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003, 1005 [2011]; *George v Marshalls of MA, Inc.*, 61 AD3d at 928). Pristine's employee testified at his deposition that he routinely cleaned the common areas of the building, including the lobby

floor, and that he generally arrived at the building before 8:45 p.m., the time of the plaintiff's alleged accident. Both the plaintiff and an eyewitness to the accident testified, at their respective depositions, that when the plaintiff fell the floor looked as though it had just been mopped. After her fall, the plaintiff noted that her hands and pants were wet, and the eyewitness testified that the floor smelled of "cleaning products." While there was conflicting evidence as to the exact time of the accident and the time at which Pristine's employee generally cleaned the lobby floor, contrary to Pristine's contention, such conflicts do not render speculative the plaintiff's allegation that Pristine created the alleged unsafe condition; rather, they merely show the existence of triable issues of fact (*see DiVetri v ABM Janitorial Serv.*, 119 AD3d at 488; *Velez v New York City Hous. Auth.*, 91 AD3d 422 [2012]; *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d at 1005; *George v Marshalls of MA, Inc.*, 61 AD3d at 928). Accordingly, the Supreme Court properly denied Pristine's motion for summary judgment without regard to the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

In addition, the Supreme Court properly granted that branch of the RVC defendants' cross motion which was for summary judgment dismissing the cross claims insofar as asserted by Pristine against them. "A defendant who moves for summary judgment in a slip-and-fall or trip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (*Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *see Sperling v Wyckoff Hgts. Hosp.*, 129 AD3d 826, 827 [2015]).

Here, the RVC defendants made a prima facie showing of their entitlement to judgment as a matter of law by presenting evidence that they neither created nor had actual or constructive notice of the alleged condition that caused the plaintiff to fall (*see Flahive v Union Coll.*, 99 AD3d 1151, 1152 [2012]; *Cusack v Peter Luger, Inc.*, 77 AD3d 785, 786 [2010]; *Cunningham v Bay Shore Middle School*, 55 AD3d 778, 779 [2008]). The plaintiff testified at her deposition that it had not rained on the day of the accident, and that the lobby floor did not appear wet when she arrived at the building approximately 90 minutes before the accident. Moreover, a witness for the RVC defendants testified at his deposition that their employees finished their shift by 5:00 p.m. and, therefore, would not have

been present during the brief time between the appearance of the unsafe condition and the plaintiff's accident. In opposition, Pristine failed to raise a triable issue of fact (*see Sperling v Wyckoff Hgts. Hosp.*, 129 AD3d at 827).

Pristine's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted that branch of the RVC defendants' cross motion which was for summary judgment dismissing the cross claims insofar as asserted against each of them. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.