Appeal from an order of the Supreme Court, Erie County (J. David Sampson, A.J.), entered August 19, 2016. The order denied defendant’s motion for summary judgment dismissing plaintiff’s complaint.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when she allegedly slipped and fell in a puddle in a hallway that had just been mopped in a building owned and maintained by defendant. We conclude that Supreme Court properly denied defendant’s motion for summary judgment dismissing the complaint.
 

 Defendant had the initial burden on the motion of establishing that it did not create the allegedly dangerous condition and that it did not have actual or constructive notice thereof (see Depczynski v Mermigas, 149 AD3d 1511, 1511-1512 [4th Dept 2017]). We conclude that defendant failed to meet that burden. We agree with the court, specifically, that defendant failed to establish that it did not create the allegedly dangerous condition by negligently mopping the area and leaving excess water on the floor sufficient to create a puddle, and thus there is an issue of fact with respect thereto (see Brown v Simone Dev. Co., L.L.C., 83 AD3d 544, 544-545 [1st Dept 2011]; Leone v County of Monroe, 284 AD2d 975, 975 [4th Dept 2001]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
 

 We reject defendant’s contention that the court should have granted the motion because the wet condition of the floor was readily observable and plaintiff was aware that the floor was wet. That contention concerns only “the issue of plaintiff’s comparative negligence” and does “not negate defendant’s duty to keep the premises reasonably safe” (Steenwerth v United Ref. Co. of Pa., 273 AD2d 878, 878 [4th Dept 2000]; see Francis v 107-145 W. 135th St. Assoc., Ltd. Partnership, 70 AD3d 599, 600 [1st Dept 2010]), and thus it does not establish defendant’s entitlement to judgment as a matter of law.
 

 We have reviewed defendant’s remaining contentions and conclude that they are lacking in merit.
 

 Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.