Spano v Apogee Retail NY, LLC (2018 NY Slip Op 06287)





Spano v Apogee Retail NY, LLC


2018 NY Slip Op 06287


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-12533
 (Index No. 1928/13)

[*1]Elaine R. Spano, et al., appellants, 
v
Apogee Retail NY, LLC, etc., et al., respondents, et al., defendants.


Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan Shapiro of counsel), for appellant.
McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered October 12, 2016. The order granted the motion of the defendants Apogee Retail NY, LLC, Celwyn Company, Inc., and Unique Thrift Stores for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff Elaine R. Spano (hereinafter the injured plaintiff) allegedly sustained injuries when she slipped and fell on an approximately 18-square-inch area of debris consisting of potting soil, gravel, tiny pieces of glass, and plastic tie knots. The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries. At her deposition, the injured plaintiff testified that the accident occurred while she was traversing the sidewalk adjacent to the parking lot outside of an indoor flea market and situated near a flower shop that operated within the flea market. The injured plaintiff had exited the flea market through the back door of the flower shop moments before the accident.
The defendants Celwyn Company, Inc., the owner of the flea market, and Apogee Retail NY, LLC, and Unique Thrift Stores, the lessees of the subject premises (hereinafter collectively the moving defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. The plaintiffs appeal, contending that summary judgment should have been denied because they raised a triable issue of fact on the issue of constructive notice.
A defendant moving for summary judgment in a slip-and-fall case bears the initial burden of making a prima facie showing that it neither created nor possessed actual or constructive notice of the alleged hazardous condition (see Mandarano v PND, LLC, 157 AD3d 664, 665; Amendola v City of New York, 89 AD3d 775, 775). To constitute constructive notice, a condition must be visible and apparent for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598; Bykofsky [*2]v Waldbaum's Supermarkets, 210 AD2d 280, 281). "In order to meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Campbell v New York City Tr. Auth., 109 AD3d 455, 456).
The moving defendants established their prima facie entitlement to judgment as a matter of law. The affidavits and deposition testimony of the security and maintenance employees who were working on the premises demonstrated that the area in question was inspected 15 minutes before the injured plaintiff's accident and that no dirt or debris was observed at that time (see Levine v G.F. Holding, Inc., 139 AD3d 910, 911-912; Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038-1039; Sperling v Wyckoff Hgts. Hosp., 129 AD3d 826, 827; Mantzoutsos v 150 St. Produce Corp., 76 AD3d 549). In opposition, the plaintiffs failed to raise a triable issue of fact (see Mandarano v PND, LLC, 157 AD3d at 666; Arslan v Richmond N. Bellmore Realty, LLC, 79 AD3d 950, 951).
Accordingly, we agree with the Supreme Court's determination to grant the motion.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court