Bruce v Edgewater Indus. Park, LLC (2019 NY Slip Op 01050)





Bruce v Edgewater Indus. Park, LLC


2019 NY Slip Op 01050


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-08007
 (Index No. 12019/10)

[*1]Eleanor J. Bruce, plaintiff-respondent, 
v
Edgewater Industrial Park, LLC, et al., defendants third-party plaintiffs-respondents; Jo Nan Products & Services, Inc., defendant second third-party defendant-appellant; Time Warner Entertainment Company, L.P., third-party defendant/second third-party plaintiff- respondent.


Martyn, Toher, Martyn & Rossi, Mineola, NY (Jeffrey P. Yong of counsel), for
second third-party defendant-appellant.
Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the second third-party defendant, Jo Nan Products & Services, Inc., appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated June 28, 2016. The order, insofar as appealed from, denied the motion of the second-third party defendant, Jo Nan Products & Services, Inc., for summary judgment dismissing all claims asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleges that she sustained severe personal injuries after she slipped and fell in the hallway outside a restroom in the office building where she worked. The plaintiff commenced this action against the owner of the building and its management company, which filed a third-party complaint against the plaintiff's employer, Time Warner Entertainment Company, L.P. (hereinafter Time Warner). Time Warner then commenced a second third-party action against Jo Nan Products & Services, Inc. (hereinafter Jo Nan), with which Time Warner had contracted for cleaning and maintenance of the floors. The plaintiff subsequently served and filed an amended complaint naming Jo Nan as a defendant.
Following discovery, Jo Nan moved for summary judgment dismissing all claims asserted against it on the ground that it was not liable for the plaintiff's injuries as a matter of law. The Supreme Court denied Jo Nan's motion, and Jo Nan appeals.
A contractor may be said to have assumed a duty of care and, thus, be potentially liable in tort, to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). Where such a duty is alleged, a defendant contractor moving for [*2]summary judgment has the burden of eliminating all material issues of fact, and establishing conclusively, that it did not launch a force or instrument of harm by negligently creating the dangerous or defective condition complained of (see George v Marshalls of MA, Inc., 61 AD3d 925, 928; Keese v Imperial Gardens Assoc., LLC, 36 AD3d 666, 668).
Here, we agree with the Supreme Court that Jo Nan failed to meet its prima facie burden. The plaintiff testified at her deposition that, although she had no issues walking into the bathroom, when she exited it 10 minutes later, the floor appeared wet and slippery. She also observed a bucket with a mop in the bathroom, and she testified that no warning sign had been placed in the area. Additionally, Jo Nan's owner testified at her deposition that Jo Nan's employee would have been responsible for mopping the floor in question on an as-needed basis during the time period that the accident allegedly occurred. Under such circumstances, we agree with the Supreme Court's determination denying Jo Nan's motion (see Dolinar v Health, 155 AD3d 1576, 1577; Levine v G.F. Holding, Inc., 139 AD3d 910, 911-912; Irizarry v 1915 Realty LLC, 135 AD3d 411, 411-412; Velez v New York City Hous. Auth., 91 AD3d 422, 422; Brown v Simone Dev. Co., L.L.C., 83 AD3d 544, 544-545). Contrary to Jo Nan's contention, the plaintiff was not required to establish that Jo Nan had notice of the allegedly dangerous or defective condition inasmuch as the plaintiff alleges that it was Jo Nan that created the condition (see Grizzell v JQ Assoc., LLC, 110 AD3d 762, 764).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court