Kurre v ACJ Realty, LLC (2019 NY Slip Op 01583)





Kurre v ACJ Realty, LLC


2019 NY Slip Op 01583


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04064
 (Index No. 25218/13)

[*1]Virginia Kurre, respondent, 
v
ACJ Realty, LLC, defendant, Joseph M. Capo, M.D., P.C., appellant.


McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for appellant.
Mary Ann Candelario, Garden City, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Joseph M. Capo, M.D., P.C., appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated December 7, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she tripped and fell while in a facility owned by the defendant ACJ Realty, LLC, and leased by the defendant Joseph M. Capo, M.D., P.C. (hereinafter Capo). The plaintiff commenced this action against the defendants, alleging that she fell when her foot became entangled in wires. The Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Capo, and Capo appeals.
The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Capo, as the evidence they submitted in support of their motion raised a triable issue of fact as to whether one of Capo's employees created the alleged hazardous condition (see Willis v Galileo Cortlandt, LLC, 106 AD3d 730, 732; Velez v New York City Hous. Auth., 91 AD3d 422). Since the defendants failed to meet their prima facie burden as to Capo, that branch of their motion was properly denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Capo.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court