**Kral v New York City Hous. Auth.**

2025 NY Slip Op 30189(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 159481/2019

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LYNN R. KOTLER** | **PART** 08 |
| | *Justice* | |

--------------------------------------------------------------------X

JOSEPH KRAL

                          Plaintiff,

              - v -

NEW YORK CITY HOUSING AUTHORITY,

                    Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159481/2019 |
| **MOTION DATE** | 08/27/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for                   JUDGMENT - SUMMARY

Upon the foregoing documents, this motion is decided as follows. In the complaint, plaintiff Joseph Kral asserts a cause of action alleging negligence by the defendant New York City Housing Authority ("NYCHA") that resulted in Kral slipping and falling on a staircase and sustaining personal injuries. Plaintiff now moves for summary judgment against NYCHA on the issue of liability. NYCHA opposes, arguing that the motion was procedurally defective, Kral failed to establish a prima facia case of negligence, and that a triable issue of fact remains. For the reasons that follow, summary judgment is denied.

Facts

Plaintiff's accident occurred on Wednesday August 1, 2018 on an interior staircase at the building located at 1830 1st Avenue in New York, New York ("Building"). Plaintiff claims he slipped and fell due to a slippery substance on the stairs caused by the defendants who he believes were in the process of cleaning the stairs. The Building was owned and maintained by NYCHA on the date of the accident.

159481/2019 KRAL, JOSEPH vs. NEW YORK CITY HOUSING
Motion No. 003

Page 1 of 8

[* 1]

Kral testified at his deposition that right before his accident, he was leaving the Building with his son, sometime between 12pm and 3pm that day, and as he walked down the stairs in stairwell B, he slipped and fell down the flight of stairs. Specifically, Kral stated that after he passed the 10th floor, he took about a step and slipped on a "watery, soapy substance" on the stairs between the 10th floor and 9th floors, causing him to fall and slide down the steps and sustain personal injuries.

Kral claims that the stairs were "drenched" Kral further explained:

A. So I got up, and I said to my son, "My clothes are all wet." And then I took a peek around. And I said, "What the hell happened here?" And I looked from the 9th to the 8th floor, and I seen that stairs – not that I could have proceeded, but I seen that form 9 to 8 was drenched the same way"
…

After his accident, Kral took the elevator from the 9th floor to the ground floor of the building. Kral claimed that he "could tell somebody must have cleaned it because, I don't know, it was all soapy and watery, so I believe there was some kind of slippery substance. But it was all over the steps. My clothes were wet so." About the wet condition, Kral further described it as follows:

A. It was just, like, bubbles and water. I guess they threw some kind of – I don't know what they used, what they're using, so I can't be specific on it. But it was just water with bubbles in it. I don't remember, but it was, like, a water and bubbles with it. It looked like somebody just cleaned, or something like that. You know what I'm saying.

Q. Did you notice any type of odor to the wetness that you testified – that you felt was on the back of your jeans and the back of your shirt?

A. Yeah, I could tell it was a cleaning product. I just can't identify, you know, the brand.

Kral, however, then explained that he did not personally observe the "watery, soapy substance' on the specific staircase he slipped and fell upon:

**159481/2019  KRAL, JOSEPH vs. NEW YORK CITY HOUSING**
**Motion No. 003**

Page 2 of 8

2 of 8

[* 2]

Q. Now, after you got up and looked at the 10th floor – the staircase leading from the 10th floor to the 9th floor, did you see – where on those stairs did you see this watery, soapy substance?

A. Okay, excuse me, you said from the 10th floor to the 9th floor. I didn't notice it from the 10th floor to the 9th floor. I noticed it from the 9th to the 8th because I got up after I fell.

Kral then immediately contradicted his testimony as follows:

Q. After you fell and you got up, did you at some point look back at the staircase that leads from the 10th to the 9th floor?

A. Yes, I did. And that's why I was wet. Yes, I looked back.

Q. So when you looked back at the staircase from the 10th to the 9th floor, did you see any wetness on that staircase that leads from the 10th to the 9th floor/ Or, in other words, the staircase that you just fell down?

A. Yes.

Q. And where on that staircase or on those steps did you see this wetness, soapy substance that you testified to?

A. From where I slipped. So it had to be towards the top. So when I looked up – you know, because my whole body was wet – so from the top portion of the steps, you know, from the upper portion of the steps, that stairwell.

Kral admitted that he did not know how long the flight of stairs from the 10th to the 9th floor had the wet, soapy substance on it before Kral slipped and fell. Kral further admitted he did not know how the wet, soapy substance got on the subject staircase. After Kral took the elevator to the lobby, he testified that he exited the building with his son and went across the street where his mother-in-law was waiting for him. He claims that he told his mother-in-law what happened, and then went back into the building to return to his apartment because he was having difficulty walking due to pain caused by his slip and fall. Upon entering the building, Kral claims that he saw a bucket with a mop in the lobby by the janitor's room. Kral stated that the mop bucket would be placed there by NYCHA staff after the stairwell had been mopped.

159481/2019   KRAL, JOSEPH vs. NEW YORK CITY HOUSING                                    Page 3 of 8
Motion No. 003

3 of 8

Kral did not report his accident to NYCHA nor did Kral ever complain to NYCHA about any wetness on the subject staircase prior to his accident. Instead, plaintiff testified as follows about prior complaints:

> Yes, I hear people complaint about it in the lobby a lot because sometimes they throw the bucket right down the stairs, and they don't put signs up. But I don't – yes, I have heard people complaint.

Kral identified photographs of the subject staircase taken by his wife a week or two after his accident which he claimed depicted wetness or urine but further stated "[t]hat's the thing with these pictures. I don't see any of the bubbles that I seen when I got up."

Kral has submitted the deposition transcript of his non-party son, also named Joseph Kral, who was with him at the time of the accident. Although Kral's son testified that he did not know the "exact time" Kral's accident occurred, Kral's son then stated "[i]t was noon for sure". Kral's son was asked if he noticed any substances on the stairs where his father fell, to which Kral's son replied "Yes. It was like a soapy water." Kral's son further explained:

> Q. You referred to the water as "soapy," how could you tell it was soapy water?
>
> A. It was bubbles.
>
> Q. Did those bubbles have any color to them?
>
> A. They just looked like bubbles.
> …
>
> Q. … Had you ever seen the stairwells in your building to be wet prior to August 1, 2018?
>
> A. No, not that I recall. No.

Kral's son otherwise admitted that he wasn't aware of any prior complaints regarding the stairway and did not make any complaints after plaintiff's accident. When shown the same

159481/2019   KRAL, JOSEPH vs. NEW YORK CITY HOUSING
Motion No. 003

Page 4 of 8

photos plaintiff was shown at his deposition, Kral's son did testify that the condition of the stairs "look[s] similar" to how they appeared on the date of plaintiff's accident.

Jaleledine Dekhili, a janitorial caretaker employed by NYCHA, was produced for a deposition. Dekhili testified that his responsibilities included a mopping and using a brush to clean the stairs with water mixed with a light green soap. Dekhili explained that he was careful not to use too much soap. Dekhili further testified that if part of the stairs were "still wet" he would "go back to it to make sure it gets dry." When asked about using brooms to push water around, Dekhili stated that "[y]ou should do in cases, not always" but did not remember when he would do this. Dekhili further clarified that he would dry mop each set of stairs after wet mopping them before moving onto the next staircase.

Dekhili testified in his deposition that certain photographs taken by Kral's wife accurately depicted how the stairs would look after he wet mopped them but before he dry mopped them.

Finally, according to a janitorial schedule provided by defendant, the stairs were cleaned on Fridays from 12:45pm to 2:55pm. However, Dekhili testified that he does not recall if he cleaned the stairs on the date of the accident, and if so, what time he cleaned the stairs. Further, Dekhili admitted that although his supervisor kept a schedule, he would sometimes deviate from the schedule. Dekhili testified "we let the supervisor know, 'Today, Side A is too dirty'" and would clean staircases on days they were not scheduled as needed and that he "has no idea if the supervisor documented that or not." Moreover, when questioned about the schedule that was provided to the court on this motion, Dekhili could not recall whether that specific schedule was followed in August 2018.

159481/2019   KRAL, JOSEPH vs. NEW YORK CITY HOUSING                    Page 5 of 8
Motion No.  003

5 of 8

NYCHA has also submitted a "caretaker checklist" which is illegible in certain portions but appears to be dated "8-1-18", the date of the accident. "Any unusual conditions" condition/safety check is marked as "No" on that day. However, the list does not make any reference to whether the stairs were cleaned or not on that day or what "unusual conditions" would entail, and no notes exist beyond the yes/no responses to the checklist items.

Discussion

At the outset, NYCHA opposes the motion, claiming that it should be denied because plaintiff failed to include a statement of material facts. Although Part 8 rules require a statement of material facts on a motion for summary judgment, the court can, in an exercise of discretion, overlook this technical defect. It chooses to do so here.

On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If the proponent fails to make out its prima facie case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos*, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]).

159481/2019   KRAL, JOSEPH vs. NEW YORK CITY HOUSING
Motion No. 003

Page 6 of 8

6 of 8

[* 6]

Kral asserts that he has demonstrated a prima facie case of negligence on a theory that NYCHA caused or created the slippery condition which caused his accident. NYCHA maintains that Kral has failed to establish a prima facia case of negligence against them and further, that triable issues of fact preclude summary judgment.

"To establish a prima facie case on a slip and fall, plaintiff[ ] must show that the defendants either created a dangerous condition or had actual or constructive knowledge of the condition" (*Lemonda v Sutton*, 268 AD2d 383, 384 [1st Dept 2000]). When slippery conditions are created by the defendant in the course of cleaning a premises without exercising reasonable care, the defendants may be held liable for any resulting injuries (*DiVetri v ABM Janitorial Serv., Inc.*, 119 AD3d 486, 487 [1st Dept 2014]).

Kral argues that there is "no evidence to contradict that the soapy condition of the stairs at the time of Plaintiff's accident is how the condition of the stairs is as the result of NYCHA personnel mopping or deck brushing them" and that he was able to identify that the stairs at the time of his fall looked the same as the stairs are depicted in photos provided to the Court while being cleaned by Dekhili. However, Kral has not demonstrated as a matter of law that NYCHA caused the slippery condition on the subject staircase. Indeed, Kral does not know how long the soapy water condition existed on the staircase or who specifically caused it, but rather speculates that it was caused by NYCHA because he observed an unattended mop bucket in the lobby. Further, a jury must weigh Kral's credibility about how his accident occurred, which is beyond the province of the court on a motion for summary judgment.

*Velez v New York City Hous. Auth.* (91 AD3d 422, 423 [1st Dept 2012]), which NYCHA relies upon, is factually similar to the case here. In *Velez*, plaintiff slipped on a wet condition and fell down the stairs (*id.*). Plaintiff and his uncle testified that the substance that caused the fall

**159481/2019 KRAL, JOSEPH vs. NEW YORK CITY HOUSING**
Motion No. 003

Page 7 of 8

smelled like a cleaning agent, that there was a pail and mop near the subject staircase, and the custodian was the sole person responsible for mopping the stairs (*id.* at 422). The First Department denied defendant's motion for summary judgment, finding there were questions regarding whether defendant created the condition which caused the plaintiff to fall (*id.*). Similarly, while there is sufficient testimony from which a reasonable factfinder could conclude that NYCHA caused the slippery condition on the subject staircase, this does not establish as a matter of law that NYCHA must be held liable, particularly where a jury should be free to weight plaintiff's and his son's credibility about what they observed on the date of the accident.

The photographs upon which Kral relies do not warrant a different result, since they were not taken contemporaneously with plaintiff's accident and Dekhili only admitted the photos looked like an accurate representation of the stairs following a wet mopping but Dekhili also claimed that he would always dry mop stairs and not leave them wet.

Since plaintiff has not met his burden on this motion, the court declines to consider the parties' arguments about the cleaning schedule or checklist and whether they are sufficient to raise a triable issue of fact.

**Conclusion**

Accordingly, it is hereby

**ORDERED** that the motion for summary judgement is denied.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court

_____1/7/2025_____                                            _____
DATE                                                                          LYNN R. KOTLER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159481/2019  KRAL, JOSEPH vs. NEW YORK CITY HOUSING                    Page 8 of 8
Motion No. 003