■ Rosa Tucker, Appellant, v New York City Housing Authority, Respondent. [8 NYS3d 141]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 24, 2014, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Defendant failed to establish entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when, while descending the interior stairs of defendant's building, she slipped on a wet step and fell down the stairs. The evidence offered as to defendant's general cleaning and inspection procedures did not constitute probative evidence of the procedures actually performed on the day of the accident (*see Nelson v Metropolitan Transp. Auth.*, 122 AD3d 532 [1st Dept 2014]). The affidavit from defendant's maintenance caretaker, which contradicted his deposition testimony as to whether he could recall the building in the housing complex he had been assigned to clean on the date in question, could not be relied upon to establish a prima facie case for summary judgment (*see Kistoo v City of New York*, 195 AD2d 403, 404 [1st Dept 1993]).

Even assuming that defendant met its prima facie burden, the record presents triable issues as to whether defendant created the wet stair condition (*see e.g. Velez v New York City Hous. Auth.*, 91 AD3d 422 [1st Dept 2012]). Plaintiff testified that she observed water on the stairs, that the water had dampened her back and pants in the process of her fall and that the staircase smelled like it had recently been cleaned. Moreover, a janitorial schedule for the building indicated that the subject staircase was to be mopped shortly before plaintiff's fall and the caretaker testified that he would have mopped the staircase around the time of the accident. Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ.