| |
|---|
| **McCants v Riverside Group LLC** |
| 2024 NY Slip Op 32420(U) |
| July 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151206/2020 |
| Judge: James d'Auguste |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **Hon. James E. d'Auguste**      **PART 55**

*Justice*

-----------------------------------------------------------------------------X

ROMELL MCCANTS,

                     Plaintiff,

              - v -

RIVERSIDE GROUP LLC, EMPIRE MANAGEMENT
AMERICA CORP.,

                     Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151206/2020 |
| MOTION DATE | 04/17/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 70

were read on this motion to/for                 SUMMARY JUDGMENT          .

In this action to recover damages for personal injuries, plaintiff Romell McCants ("McCants") moves, pursuant to CPLR 3212, for summary judgment on the issue of liability against defendants Riverside Group LLC ("Riverside") and Empire Management America Corp. ("Empire") (collectively "defendants"), and dismissal of defendants' first affirmative defense of comparative negligence.

In an unwitnessed accident, tenant McCants slipped and fell on an interior staircase between the third and second floors while traversing the stairs downward on April 3, 2019, at approximately 2:00pm and sustained serious injuries to his right knee. Plaintiff testified the staircase contained a middle landing and two sets of stairs, and both had only one handrailing on the left side. McCants asserts that when he felt his right foot slip forward, he reached out with his right hand to grab a handrail and there was none – he fell backwards, then down seven steps. McCants' deposition testimony stated he looked back and observed what appeared to be wet strips of fluid-like substance left from a mop, his clothes were wet after the fall, and he "smelled a citrus-cleaned floor." Additionally, McCants contends that poor lighting in the middle of staircase prevented him from

**151206/2020   MCCANTS, ROMELL vs. RIVERSIDE GROUP LLC**
**Motion No.  003**

**Page 1 of 6**

[* 1]

seeing the liquid or mop streaks, nor did he observe any warning signs of a wet floor (NYSCEF Doc. Nos. 54, 57, 70).

Riverside, as owner, and Empire, as management company, assert that McCants fails to show that no material or triable issues of fact exist, arguing that there is no failure by Riverside to maintain and inspect the subject staircase. Defendants contend they had no notice, actual or constructive, of any condition which may have caused McCants' accident, thus, claim they did not breach a duty of care to McCants. Defendants allege that their live-in superintendent, Marko Cvetkovic, the only one in the building responsible for cleaning, mopping, and inspections, would sweep the building a minimum of once a week, mop the premises once a week, and inspect the premises 3 times a day. However, as McCants points out, Cvetkovic also testified that there is no set schedule, nor are there logs or any documents evidencing when any of his duties were performed as defendants did not require same. Cvetkovic testified he would mop the floors generally between 9am-10am, including the stairs, and start from top to bottom, taking approximately 90 minutes to 2 hours for 6 floors and the staircases. Yet, Cvetkovic also stated he had no recollection or documentation of any complaints from tenants, and not on April 3, 2019, of any "messes" requiring additional mopping. He further confirmed that there was no light for the subject staircase where plaintiff fell, only one window, and only one handrail on the left side (NYSCEF Doc. Nos. 54, 58, 66).

Plaintiff's expert, Joseph Farahnik, a professional engineer, opines the type of tread on the stairs was generally slippery when wet and anti-slip nosing was not provided. Also, Farahnik claims the building was in violation of the 1922 NYC Building Code Section 153-6 requiring both sides of the stairs to have handrails. Further, no light fixture was provided at the ceiling of the intermediate landing, violating NYC Administrative Code Section 28-301.1. Farahnik opines that the window at the exterior wall would not provide adequate lighting, noting when a person was descending the stairs, their shadow would cast on the stairs, negating any light emanating from the window.

151206/2020  MCCANTS, ROMELL vs. RIVERSIDE GROUP LLC
Page 2 of 6
Motion No.  003

2 of 6

[* 2]

Additionally, he claims the stairs did not comply with ASTM "standard practice for safe walking surfaces" which served as a national standard for defining necessary elements of safe walking surfaces. Farahnik states, to a reasonable degree of engineering certainty, that once a fall is initiated by the step treads being slippery, the absence of adequate handrails would exacerbate the fall (NYSCEF Doc. No. 61).

Defendants' expert, Jeffrey Laux, a professional engineer, argues the source of the wet floor condition could not be determined nor how long the condition existed before McCants' fall. He also argues that the stairs did not violate any applicable building or maintenance code or standard, claiming it was the Tenement House Law, not the 1922 Building Code, that was applicable to the subject stairs and building. Laux claims the Tenement House Law did not require the stairs to have handrails along both sides of the stairway. Further, Laux determined the illumination level provided by the artificial light fixtures in the staircase provided adequate illumination for safe travel along the stairs. Additionally, Laux notes the ASTM International was a voluntary standard not adopted by New York City, thus, not enforceable, or applicable to the building, nor McCants' accident (NYSCEF Doc. No 69).

McCants alleges defendants created the dangerous condition upon which he fell in the internal staircase, including the wet floor, and defendants' failure to warn, the poor lighting in the stairwell, and no handrail on the right side exacerbated his fall. He argues defendants provide no evidence to rebut his prima facie showing that they caused and created the subject defect. Also, McCants contends that he met his prima facie burden via circumstantial evidence that defendants' negligence of the recently mopped stairs and wet streak, as well as his wet clothes and smell of citrus-cleaned floors, may be reasonably inferred. Chavez v Prana Holding Co LLC, 200 AD3d 499 (1st Dept. 2021). He further asserts, contrary to defendants' allegation of no notice, that notice is

151206/2020 MCCANTS, ROMELL vs. RIVERSIDE GROUP LLC
Motion No. 003

Page 3 of 6

3 of 6

irrelevant if defendants created the hazardous condition, as here. Cook v Rezende, 32 NY2d 596 (1973).

McCants claims that Cvetkovic's testimony is unsupported. The super, the only one responsible for mopping, and inspecting the premises, testified he had no independent recollection of the date in question, or other dates, when questioned, nor were there any logs or documentation of any schedules, procedures, or times when and where such mopping, cleaning or inspections occurred. McCants maintains that defendants do not rebut his prima facie showing that they created the dangerous condition, failing to offer documentary evidence or reliable testimony of any cleaning procedures at or around the time and date of the subject incident. Maria v Concourse Estate, LLC, 200 AD3d 578 (1st Dept. 2021). McCants asserts that defendants' purported evidence, via Cvetkovic's self-serving and unsupported testimony, of general cleaning procedures is insufficient to rebut his prima facie showing of negligence. Tucker v N.Y.C. Hous. Auth., 127 AD3d 619 (1st Dept. 2015).

Defendants assert that Cvetkovic testified he always placed two wet floor signs when he mopped (NYSCEF Doc. Nos. 58, 66). McCants testified he never saw warning signs as he descended the stairs (NYSCEF Doc. Nos. 57, 70). Yet, McCants claims that even assuming it was true that warning signs were placed by the elevator and stair entrance, he argues they were inadequately placed to warn him of a slippery condition on the middle landing, where his accident occurred. Tobola v 123 Washington, LLC, 195 AD3d 456 (1st Dept. 2021). Defendants also claim the lack of lighting is irrelevant as plaintiff never testified that he fell due to poor lighting. Plaintiff testified he did not see the anything on the first step due to poor lighting, but did not directly claim the fall was because of poor lighting (NYSCEF Doc. No. 66). However, McCants maintains that he is not directly asserting the trip and fall was due to poor lighting, but due to the mop streaks left from Cvetkovic's mopping of the area, that were difficult to see (NYSCEF Doc. No. 70).

**151206/2020   MCCANTS, ROMELL vs. RIVERSIDE GROUP LLC**
Motion No.  003

**Page 4 of 6**

Defendants assert they did not breach any duty of care to plaintiff as the premises was routinely cleaned and inspected by Cvetkovic. They also claim Farahnik's opinions are speculative and unsupported, thus did not create a basis for liability, arguing a violation, if any, of an applicable building code may be evidence of negligence, but did not constitute negligence per se. Defendants also assert an affirmative defense of McCants' comparative negligence, and continue to argue there are triable issues of fact if defendants created or failed to remedy a dangerous condition (NYSCEF Doc. No. 66).

Plaintiff asserts that under Rodriguez v. City of New York, 31 NY3d 312 (2018), the Court of Appeals did away with the burden shifting, holding that plaintiff is not required to demonstrate the absence of his own comparative fault to obtain partial summary judgment on the issue of liability. He argues he established prima facie entitlement to judgment as a matter of law on liability for the dangerous condition that proximately caused his injuries, and a finding there are no issues of comparative fault or negligence, thus, the striking of defendants' first affirmative defense for same.

As an initial matter, the Court grants the portion of McCants' motion to strike defendants' affirmative defense of comparative fault. Defendants fail to proffer any documentary evidence that McCants was potentially at fault for the subject accident. However, the Court denies the portion of McCants' motion for summary judgment on the issue of liability as triable issues of fact preclude the granting of summary judgment. The conflicting testimonies of the two experts, including on the issue of which Administrative Code provision may apply regarding whether or not one or two handrails were required, present triable issues. Further, triable issues exist on whether or not defendants created the dangerous condition which proximately caused McCants' slip and fall, and subsequent injuries. Additionally, the conflicting testimonies of McCants and Cvetkovic on whether or not there were wet floor signs put up, and if so, whether their placement was adequate present

151206/2020   MCCANTS, ROMELL vs. RIVERSIDE GROUP LLC
Motion No.  003

Page 5 of 6

5 of 6

further triable issues of fact for a jury to determine, thereby precluding the granting of summary judgment.

Accordingly, it is hereby

ORDERED that Motion Sequence 003 is granted to the extent of dismissing defendants' affirmative defense of comparative fault, and otherwise denied.

This constitutes the decision and order of the Court.

| __7/15/2024__ | | | | | | |
| DATE | | | | James d'Auguste, J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

151206/2020   MCCANTS, ROMELL vs. RIVERSIDE GROUP LLC
Motion No.  003

Page 6 of 6

[* 6]