Robinson v Bronx County Pub. Admr. (2025 NY Slip Op 06831)

Robinson v Bronx County Pub. Admr.

2025 NY Slip Op 06831

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 156003/19|Appeal No. 5336|Case No. 2025-02186|

[*1]Kim C. Robinson, Plaintiff-Respondent,
vBronx County Public Administrator, as Administrator of the Estate of Kem F. Delgado, et al., Defendants-Appellants, Jamil Mohammed et al., Defendants-Respondents.

Nicoletti Spinner Ryan Gulino Pinter, New York (Matthew G. Corcoran of counsel), for appellants.
Horn Appellate Group, Brooklyn (Christen Giannaros of counsel), for Kim C. Robinson, respondent.
Baker, McEvoy & Moskovits, Freeport (Marjorie E. Bornes of counsel), for Jamil Mohammed and Enaid Cab Trans Corp., respondents.

Order, Supreme Court, New York County (Christopher Chin, J.), entered on or about March 27, 2025, which, to the extent appealed from, as limited by the briefs, denied the motion of defendants Bronx County Public Administrator, as Administrator of the Estate of Kem F. Delgado, and GVC Ltd. (together, the GVC defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The evidence provided by the GVC defendants in support of their motion for summary judgment was insufficient to meet their prima facie burden. While the police accident report and repair estimate contradict plaintiff's account that the bus struck the taxi in the rear, they do not necessarily overcome plaintiff's testimony that the taxi was stationary for about 30 seconds before being struck by the bus. There can be more than one proximate cause of an accident (see Matias v Bello, 165 AD3d 642, 643 [2d Dept 2018]), and the record does not establish that the actions of the operator of the taxi were the sole proximate cause of the accident as a matter of law. Further, the affidavit of the bus attendant "contradicted h[er] deposition testimony" and thus "could not be relied upon to establish a prima facie case for summary judgment" (Tucker v New York City Hous. Auth., 127 AD3d 619, 620 [1st Dept 2015]).
For the foregoing reasons, the motion court properly denied the GVC defendants' motion (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025